Charlie **JOHNSON**, Administrator of the Estate of Lexie Juanita Johnson, deceased, Plaintiff,

v.

**GENERAL MOTORS CORPORATION,** Libbey-Owens-Ford Glass Company and John Doe, Defendants.

No. 4887.

United States District Court
E. D. Virginia,
Norfolk Division.

June 8, 1965.

Steingold, Steingold & Chovitz, Israel Steingold, Norfolk, Va., for plaintiff.

White, Ryan & Reynolds, Harvey E. White, Jr., Norfolk, Va., for GMC.

Rixey & Rixey, E. Pryor Wormington, Norfolk, Va., for Libbey-Owens-Ford Glass Co.

Pender, Coward, McDuffie & Addison, Nelson W. Coward, Norfolk, Va., for General Accident Fire & Life Assur. Corp.

HOFFMAN, Chief Judge.

Plaintiff has filed this action alleging federal jurisdiction by reason of alleged diversity of citizenship and the amount in controversy. Plaintiff is a citizen of Virginia. The defendants General Motors Corporation and Libbey-Owens-Ford Glass are corporations organized and existing under the laws of the States of Michigan and Delaware, respectively. These defendants have their principal offices in Detroit, Michigan.

The defendant John Doe is an unknown party. Plaintiff alleges that the true party in interest is General Accident Fire and Life Assurance Corporation by reason of an automobile liability insurance policy issued to Charlie E. Johnson, the husband of plaintiff's decedent, Lexie Juanita Johnson, which said policy gives certain protection under the Virginia Uninsured Motorist law.

The corporate defendants and John Doe [1] have raised the issue of jurisdiction contending that the citizenship of John Doe cannot be shown to be that of some state other than Virginia and, therefore, diversity does not exist. Plaintiff, while not conceding that John Doe need be shown to be a citizen of some state other than that of plaintiff's citizenship, argues that John Doe is a fictitious person and General Accident, a Pennsylvania corporation, is the real party in interest. We agree with the defendants on each point.

It is fundamental that where diversity is challenged, the plaintiff has the burden of establishing that diversity exists. Plaintiff concedes that he cannot offer any proof as to the citizenship of the unknown party, John Doe. Indeed, since the accident giving rise to this cause of action took place in the City of Norfolk, it is more probable than not that the unknown driver of the motor vehicle, which allegedly forced the vehicle occupied by plaintiff's decedent off the highway, was a citizen of Virgina.

In 2 Moore's Federal Practice, § 8.10, p. 1664, we find the following:

"Some plaintiffs have attempted to invoke diversity jurisdiction in cases where they have joined some unknown or fictitious persons as 'John Doe' defendants. Conceivably the joinder of an actual person as a 'John Doe' defendant may be justifiable under unusual circumstances. But certainly, as a general proposition, the practice, even though permitted under state law, is unwarranted in diversity cases brought originally in the federal courts, for at least the following reasons: the district courts are courts of limited jurisdiction; a plaintiff who invokes district court jurisdiction has the duty to aver the facts requisite to that jurisdiction; under general diversity principles, previously discussed, the citizenship of each plaintiff must be diverse from that of each defendant and plaintiff's averments must so show. This cannot be truthfully shown as to fictitious persons; and usually not as to an actual but unknown person for if, in truth, his citizenship can be affirmatively alleged his name can usually be ascertained. Sound authority supports the general proposition that the 'John Doe' practice is unwarranted in diversity cases; and the action is subject to dismissal unless the John Does are eliminated or their citizenship affirmatively alleged. Where, however, the John Does are dismissed and there is complete

---

1. John Doe has moved to dismiss through counsel for General Accident Fire and Life Assurance Corporation, the latter being authorized by Virginia statute to plead in the name of John Doe or in the name of the insurance company.

diversity between the remaining parties, the pleading defect has not been regarded as reversible error."

The "unusual circumstances" referred to in the foregoing quotation covers the situation where the plaintiff has a definite person in mind but does not know his true name, although plaintiff can truthfully aver that the John Doe defendant is a citizen of an alleged state.

We turn to the contention that the citizenship of John Doe may be disregarded and that General Accident is the real party in interest. While it may be true that, if John Doe is determined to be a party liable to plaintiff in the wrongful death accident, General Accident may then be called upon to pay the plaintiff to the extent of its uninsured motorist liability, this does not mean that General Accident is the real party in interest at this stage of the proceeding to bring the case within the rule pronounced in Hann v. City of Clinton, 10 Cir., 131 F.2d 978, 981, where the court held that the city was merely a formal party, not necessary to a complete adjudication of the controversy.

In Hodgson v. Doe, 203 Va. 938, 128 S.E.2d 444, it was held that the *venue* for a John Doe action was to be determined under the general venue statutes as if the action against John Doe were against the insurance company. The question was raised by a plea in abatement which places the burden upon the defendant to negate, by allegation and proof, all grounds of venue. But *venue* is entirely different from jurisdiction and when we consider that a federal court has limited jurisdiction, it follows that the Hodgson case offers no relief to plaintiff.

Plaintiff's action is not against General Accident at this stage of the proceeding. As a prerequisite to asserting any claim against General Accident, plaintiff must establish that John Doe is liable to him and to what extent. No judgment can be entered against General Accident in this case and its name cannot be mentioned in the presence of the jury. It is an action *ex delicto* against John Doe—not an action *ex contractu* against General Accident. Doe v. Brown, 203 Va. 508, 125 S.E.2d 159; Rodgers v. Danko, 204 Va. 140, 129 S.E.2d 828. It is in no sense a tort action against the insurance involved. The uninsured motorist provision or endorsement does not afford coverage to the uninsured motor vehicle or the operator of the uninsured automobile, whether known or unknown. Drewry v. State Farm Mutual Automobile Ins. Co., 204 Va. 231, 129 S.E.2d 681; Horne v. Superior Life Insurance Company, 203 Va. 282, 123 S.E.2d 401; Nationwide Mutual Ins. Co. v. Harleysville Mutual Cas. Co., 203 Va. 600, 125 S.E.2d 840; Hobbs v. The Buckeye Union Casualty Company v. Celina Mutual Ins. Co., W.D.Va., 212 F.Supp. 349. It is protection afforded an injured (or killed) insured by reason of a contractual agreement *after* the liability of the uninsured motorist, known or unknown, has been established by a court of competent jurisdiction.

The sword cuts both ways. Defendants are likewise prevented from removing John Doe actions from state to federal courts based upon diversity of citizenship and the amount in controversy. Absent clear proof of bad faith in joinder, it is necessary for a removing defendant to show that a John Doe co-defendant was a non-resident at the time of the institution of the action unless, of course, a separable controversy appears from the complaint. Pullman Co. v. Jenkins, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334. If, however, a cause of action is not stated in the complaint filed against a John Doe defendant, such unidentified person need not be joined in the removal petition. Ronson Art Metal Works v. Hilton Lite Corp., N.D.Cal., 111 F.Supp. 691. Cf. Burns v. Carolina Power & Light Co., 4 Cir., 193 F.2d 525.

There being a failure of diversity jurisdiction between the plaintiff and John Doe, the motions to dismiss must be sustained.