## Richmond

### JOHN DOE AND ALLSTATE INSURANCE COMPANY v. CLARA LYONS SIMMERS.

April 24, 1967.

Record No. 6389.

Present, All the Justices.

*John B. Spiers, Jr. (Spiers & Spiers,* on brief), for the plaintiffs in error.

*C. B. Andrews (Dillow & Andrews,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Pursuant to Code, § 38.1-381(e) [1964 Cum. Supp.], Clara Lyons Simmers filed her motion for judgment against John Doe, an alleged unknown defendant, to recover damages for injuries received by her when the unknown defendant, as the operator of an unknown vehicle, negligently caused her to lose control of her car and run off the road and into a tree. Allstate Insurance Company, which carried the liability insurance on the car which the plaintiff was driving, was served with a copy of the motion for judgment. Answers filed on behalf of John Doe and Allstate denied that the accident was caused by an unknown vehicle and that an unknown motorist negligently caused the accident. The answers further alleged that the plaintiff was guilty of contributory negligence. There was a trial before a jury which resulted in a verdict of $12,000 in favor of the plaintiff against John Doe, upon which the trial court entered judgment. John Doe and Allstate have appealed.

Code, § 38.1-381(e), as amended by Acts of 1964, ch. 477, p. 752, provides that: "If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe' * * * ." It further provides for service of process upon the insurance company issuing the policy covering the vehicle operated by the plaintiff by the delivery to it of a copy of the motion for judgment or other pleading.

The principal contention urged on behalf of John Doe and

Allstate in the present case is that the verdict is contrary to the law and the evidence in that it fails to show that the "owner or operator" of the vehicle which is alleged to have caused the accident and the plaintiff's injuries was "unknown," and that on the contrary it shows that the vehicle was owned by Concrete Products Company, a local concern, against whom the plaintiff's claim should have been asserted. That issue was settled in favor of the plaintiff by the jury's verdict and we find the evidence sufficient to support it.

The plaintiff testified that on April 2, 1965 she left her home in the Ellett community of Montgomery county sometime around noon in her husband's automobile and was proceeding westwardly along Route 723, at a speed of about 15 miles per hour, when she met two trucks proceeding in the opposite direction. When the leading truck was alongside of the plaintiff's car, the following vehicle which she described as a "red truck" undertook to pass the leading truck and in doing so came over into her lane of travel; that in the effort to avoid a collision with this truck she immediately applied her brakes, turned her car to the right and ran onto the dirt shoulder; that because the shoulder was wet she was unable to stop her car which continued along the shoulder and struck a culvert and a tree in the ditch on the right-hand side of the road. The plaintiff further testified that she was unable to identify either of the trucks or the drivers.

L. E. Noland, truck driver for the State Highway Department, was the first person to arrive at the scene after the impact. He testified that Mrs. Simmers was at first principally concerned with the damage to the car and repeatedly exclaimed, "[M]y husband will kill me for wrecking this car!" Finally, she told Noland that the accident had been caused by a "red truck" which crowded her off the road, but that she was unable to get its license number and did not know who the driver was.

A state trooper, K. L. Phipps, arrived at the scene shortly after the accident. He testified that the road there is straight and level, paved to a width of 16 feet, with a dirt shoulder on each side. He found marks which indicated that the plaintiff's car had left the pavement and run a distance of about 150 feet along the shoulder until it went into the ditch and struck the tree. There were no skid marks from the car along the shoulder.

Phipps talked to Mrs. Simmers at the hospital on the day of the accident. He said that she told him that the vehicle which had

crowded her car off the road was a red truck with the large letters "CP" painted on the front. However, she said that she was unable to identify its driver. Phipps made an investigation to determine what trucks had been operating in the vicinity at about the time of the accident. He found that a tractor-trailer truck owned by Concrete Products Company of Christiansburg, marked with the letters "CP" had been operating in the vicinity that morning. Mrs. Simmers denied having told the trooper that the offending vehicle carried the identifying letters "CP".

Felix J. Ward, an adjustor for Allstate, testified that he talked to Mrs. Simmers four days after the accident and she told him that "a big, red-faced trailer-tractor, dump-type vehicle with a 'CP' on its front forced her off the road" and that the vehicle was owned by Concrete Products Company. Mrs. Simmers categorically denied that she had told Ward this. Ward further testified that neither he nor his company was able to identify the truck or its owner or the driver of the vehicle which had been involved in the accident.

Jack Via, the general manager of Concrete Products Company, testified that after the plaintiff's husband had complained to him that her car had been "forced off the road" by one of Concrete's vehicles, he had inquired into the matter and found no information to indicate that one of Concrete's trucks had been responsible for the accident.

Alfred J. Collins, who was operating one of Concrete's trucks in the vicinity on the day of the accident, testified that while he saw the disabled Simmers vehicle he was not involved in the accident.

The employees of the Montgomery Limestone Corporation, a local concern, which was operating a rock quarry from which several trucks had been carrying crushed stone on the day of the accident, were unable to identify the vehicle or its driver which was involved in the accident.

Thus, we see that accepting the evidence on behalf of the plaintiff, as the jury have done, it is quite sufficient to support the finding that no truck owned and operated by Concrete Products Company was involved in the accident and that the "owner or operator" of the vehicle so involved was "unknown" to the plaintiff.

■ Complaint is made of the refusal of the trial court to grant Instruction B-1, which reads:

> "The court tells the jury that this action is brought under a special Virginia statute which allows a motorist to sue an unknown person, and, as a first indispensable element of her case in which

there was no contact between vehicles, prove by a preponderance of the evidence that there was in fact another vehicle involved which directly caused the accident and that she was unable to identify the owner or operator of vehicle so involved.

"If, therefore, the plaintiff does not establish either one or both of these facts by a preponderance of the evidence, or if on the whole evidence it is just as probable that there was not another vehicle involved as that there was, or if it is just as probable that Mrs. Simmers was able to identify the owner or operator of the vehicle as that she was unable to do so, then your verdict must be for the defendant."

After that instruction had been refused, at the request of the defendants the court granted Instruction B, which reads:

"The court tells the jury that this action is brought under a Virginia statute which allows a motorist to sue an unknown person, and you must believe from the evidence that there was in fact another vehicle involved which directly caused the accident and that the owner or operator was unknown to Mrs. Simmers.

"If, therefore, on the whole evidence it is just as probable that there was not another vehicle involved as that there was, or if it is just as probable that Mrs. Simmers knew the owner or operator of the vehicle as that she did not, then your verdict must be for the defendant."

We think that Instruction B-1 was properly refused. It is argumentative in form and does not properly inform the jury of the issues involved. Under the statute the issue was not whether the plaintiff "was unable to identify the owner or operator" of the other vehicle involved, as phrased in the instruction, but whether the "owner or operator" was "unknown" to her.

It may be, as the defendants argue, that Instruction B does not clearly tell the jury that the burden was on the plaintiff to prove by a preponderance of the evidence that another vehicle was involved in the accident and that the owner or operator of such vehicle was unknown to her. But the defendants are in no position to complain of that omission in Instruction B offered by them. They should have asked for a proper instruction embodying the correct burden of proof.

The appellant defendants complain of the ruling of the trial court in permitting the plaintiff in the cross-examination of the in-

surance adjustor, Ward, to show the nature of the coverage in the policy which Allstate had issued on the Simmers car. As has been said, Ward testified that the plaintiff told him that the truck involved in the accident was owned by Concrete Products Company. The plaintiff denied having told him this. Under such circumstances the testimony of this employee of the Insurance Company as to the nature of its coverage under the policy was admissible to show his bias or interest in the outcome of the case and bore upon his credibility as a witness for the defendants. *Highway Express Lines* v. *Fleming*, 185 Va. 666, 672, 40 S. E. 2d 294, 298.

The final contention of the defendants is that the plaintiff's own testimony coupled with the physical facts show that she was guilty of contributory negligence as a matter of law. Here the substance of the defendants' contention is that the plaintiff testified that her car was proceeding at about 15 miles per hour when it ran off the paved portion of the road onto the shoulder; that the physical marks showed that it then proceeded 150 feet along the shoulder before running into the ditch and striking the tree, and that under such circumstances she had ample time, in the exercise of ordinary care, to have brought her car to a stop and avoided the impact. But the plaintiff further testified that because of the wet condition of the shoulder she was unable to stop the car before the impact. The jury have accepted her statement and resolved the issue of contributory negligence in her favor. We cannot say as a matter of law that that finding is incorrect.

We find no error in the proceedings and the judgment is

*Affirmed.*