Frederick GRIFFIN, Plaintiff,

v.

Calvin MATTHEWS and Willie Drake, Defendants.

No. C–28–G–69.

United States District Court,
M. D. North Carolina,
Greensboro Division.

July 10, 1969.

Frederick Griffin, pro se.

Sammie Chess, Jr., High Point, N. C., for defendants.

## MEMORANDUM ORDER

EDWIN M. STANLEY, Chief Judge.

The plaintiff, an assistant professor of mathematics at A. & T. State University, brings this action against the

defendants, students at A. & T. State University, for damages allegedly resulting from the publication of libelous statements concerning plaintiff's professional competence. A. & T. State University is located in Greensboro, North Carolina. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Plaintiff alleges that he is a "resident citizen of the State of Texas," is "residing in the State of North Carolina for the sole purpose of employment," and has been an assistant professor of mathematics at A. & T. State University in Greensboro "for the past five and one half years."

It is further alleged that both of the defendants "are resident citizens of the State of North Carolina." In separate answers filed, each defendant has challenged the jurisdiction of the Court for the reason that there was no diversity of citizenship between the plaintiff and the defendants at the time of the commencement of the action.

The parties first appeared before the Court on April 11, 1969, for initial pretrial conference. The Court at that time informed counsel that the jurisdictional question should be resolved before commencement of discovery on the other issues raised by the pleadings. To this end, the parties were instructed to file briefs and supporting factual data within a specified time. The jurisdictional question is now before the Court for decision.

In answer to interrogatories, plaintiff states that he had resided in the State of North Carolina five and one-half years prior to the institution of this action on February 14, 1969; that he was divorced from his wife in the State of North Carolina on June 10, 1968; that even though he was born and reared in the State of Texas he had never exercised his privilege of franchise in that State; that as soon as he met the residence requirements for voter registration in North Carolina he exercised his privilege of franchise in this State; that he last voted in North Carolina in the November, 1968, election; that his wife

had never lived in North Carolina, and he had no knowledge with respect to the states, if any, in which she registered or voted. In an affidavit filed on May 29, 1969, plaintiff stated that he was only a temporary employee at A. & T. State University since he had taught on a year-to-year contract, and never obtained tenure. He further alleged that he had never renounced Texas, the State in which he was born and reared, as his fixed place of abode.

■■■ Plaintiff, who filed his complaint and is appearing in this action *pro se,* has filed several paper-writings claiming that the defendants have waived the right to challenge the jurisdiction of the Court by reason of their failure to timely file briefs and other documents. There is no merit to this contention. It is uniformly held that "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties," Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934), and that "jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Moreover, Rule 12(h) (3) of the Federal Rules of Civil Procedure requires the court to dismiss an action whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction.

■■■ A litigant seeking federal court jurisdiction must plead the essential jurisdictional facts, and has the burden of establishing such facts by the preponderance of evidence if the allegations are challenged by his adversary. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915). Citizenship and domicile are substantially synonymous terms. Both identify a person with a state and a participation in its functions, and denote a place of residence accompanied by an intention to remain there for an unlimited time. Messick v. Southern Pennsylvania Bus Co., D.C.,

59 F.Supp. 799 (1945). In determining whether a person has intended to establish a domicile in a state to which he has moved, the court will look to such circumstances as his declarations, exercise of political rights, place of business, and other factors that aid in the determination of a state of mind. Wright on Federal Courts § 26. "Voting raises a presumption that the voter is a citizen in the state in which he votes," and the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise. Messick v. Southern Pennsylvania Bus Co., *supra*. A person's state of mind "must be determined by what he does as well as what he says," and his entire course of conduct is the controlling factor in determining his domicile. Stine v. Moore, 5 Cir., 213 F.2d 446 (1954). However, in determining the essential elements of domicile, "[s]tatements of intention are entitled to little weight when in conflict with facts." Tudor v. Leslie, D.C., 35 F.Supp. 969 (1940).

Applying the undisputed facts, and the reasonable inferences to be drawn therefrom, to the foregoing controlling principles of law, it is abundantly clear that plaintiff was domiciled in the State of North Carolina at the time he instituted this action. Five and one-half years earlier he had accepted a teaching position at a State university in North Carolina. The fact that he had taught on a year-to-year basis, and had not acquired tenure at the time of the institution of the action, is of little significance. He had exercised his privilege of franchise in North Carolina on the earliest possible date after moving to this State, and had continued to exercise such privilege through the November, 1968, election. There is nothing in the record to indicate that the plaintiff moved to North Carolina for a definite period of time, or that he ever had any real intention of returning to his native State of Texas. If he had acquired tenure at the A. & T. State University, there is every reason to believe that he would have remained in this State indef-

initely. While not controlling with respect to his status on the date of the institution of this action, it is significant to note that in June of 1969 plaintiff terminated his employment with A. & T. State University and went to New York, rather than Texas.

The conclusions are inescapable that plaintiff was domiciled in North Carolina on the date he instituted this action, and that there was no diversity of citizenship between plaintiff and the defendants. It follows that this Court is without jurisdiction, and that the complaint must be dismissed.

For the reasons stated, it is ordered that the complaint be, and same hereby is, dismissed, without prejudice to right of plaintiff to again institute the action in a court of competent jurisdiction.

It is further ordered that the plaintiff pay the costs.