# Richmond

## Hazel R. Haymore, Administrator, Etc. v. Janice Haymore Brizendine, An Infant, Et Al.

March 9, 1970.

Record No. 7035.

Present, All the Justices.

*James D. Hundley* (*Hundley & Taylor*, on brief), for plaintiff in error.

*G. Kenneth Miller; A. Scott Anderson; Richard W. Schaffer* (*John G. May, Jr.; Sands, Anderson, Marks & Clarke*, on brief), for defendants in error.

GORDON, J., delivered the opinion of the court.

The plaintiff, Deborah Ray Haymore's administrator, brought this wrongful death action against Janice Haymore Brizendine and John Doe. The administrator alleged that Deborah, "an occupant in" an automobile operated by Janice, was killed as a result of Janice's gross negligence. The administrator alleged that Deborah's death was also caused by the concurring negligence of John Doe, the unknown driver of another vehicle.

The jury returned a verdict for both defendants, and the trial court entered final judgment for them. The administrator appeals from that judgment, assigning several errors.

We need discuss these issues: (1) whether the court incorrectly refused to admit evidence that Janice did not have a driver's license, (2) whether the court incorrectly refused to permit the administrator (a) to amend the motion for judgment and (b) to submit the case to the jury on the theory that recovery could be predicated on Janice's simple negligence, (3) whether the court incorrectly defined gross negligence in an instruction, and (4) whether the court incorrectly gave an instruction that John Doe could not be held liable if his identity was known.

1

Janice was fourteen years old when the accident occurred. Before the day of the accident, she had driven an automobile in her father's driveway but had never driven on a public road. The trial court permitted her to testify to those facts, but refused to admit evidence that Janice did not have an operator's license as required by Code § 46.1-349. (Code § 46.1-357 forbids the issuance of a license to a person who is under sixteen.)

In *Laughlin* v. *Rose*, 200 Va. 127, 104 S.E.2d 782 (1958), we held that a person could not be held liable for entrusting an automobile to an unlicensed driver who was admittedly competent to

drive but had forgotten to renew her license. But as pointed out in the opinion in that case, we were not dealing with a driver who had been denied a licensed because "she belonged to that class of persons who are forbidden by statute to be licensed". *Id.* at 132, 104 S.E.2d at 786. And that case may be interpreted as intimating that where a driver belongs to a class forbidden by statute to be licensed, the fact that she is unlicensed has relevance. *See also White v. Edwards Chevrolet Co.*, 186 Va. 669, 672, 43 S.E.2d 870, 871 (1947).

We need not decide, however, whether evidence that Janice was unlicensed should have been admitted. The jury must have known that Janice being only fourteen could not obtain an operator's license. So if the court committed error in refusing to admit evidence that she was unlicensed, it committed harmless error.

2

■ The parties went to trial on the assumption that Deborah was a guest-passenger and that the administrator could recover against Janice only if she was grossly negligent.[1] Va. Code Ann. § 8-646.1 (Repl. vol. 1957). The testimony of the first witness indicated, however, that Deborah was not a guest-passenger because Janice had been paid to take care of her. And after the second witness had testified, the administrator's counsel advised the court that he wished to amend his pleadings to allege that Janice was guilty of simple negligence rather than gross negligence. All counsel not being present, the court instructed the administrator's counsel to make his motion when all counsel were present.[2]

The motion was not made until the conference on instructions, after both parties had rested. At that time, the administrator's counsel objected to an instruction that would permit recovery against Janice only if the jury found that she was grossly negligent. Counsel then moved for permission to amend the motion for judgment to allege Janice's simple negligence instead of her gross negligence.

The court announced that it would grant the motion *and* grant a new trial. When asked for a decision whether he wished a new trial, the administrator's counsel replied, "We won't ask for a new

---

[1] In arguing that certain evidence was admissible, the administrator's counsel said: "We have got to show something that almost amounts to a willful disregard of the safety of this child . . . I think it [the evidence proffered] would be admissible to show the gross intent."

[2] The court did indicate, however, that the motion would not be granted because it had not been timely made.

trial". Counsel made no further objection to the gross negligence instruction, and he proffered no instruction permitting recovery against Janice upon a finding that she was guilty of only simple negligence.

"Leave to amend [should] be liberally granted in furtherance of the ends of justice." Rule 3:13. But the Virginia statutes expressly authorize a court to impose conditions to the granting of such leave. Va. Code Ann. § 8-119 (Repl. vol. 1957); Va. Code Ann. § 8-217 (Repl. vol. 1957). In this case the administrator's counsel made no objection to the condition imposed by the court—a new trial, and counsel chose to proceed rather than agree to a new trial. So if counsel had any valid objection to the court's ruling, he waived it.

We also reject the administrator's alternative contention that even without an amendment of the motion for judgment, the trial court "should have submitted the case to the jury on simple negligence". Counsel argues that "[t]he allegation of gross negligence [in the motion for judgment was] sufficiently broad to include simple negligence". But counsel did not offer an instruction that recovery against Janice could be predicated on her simple negligence. The court committed no error in failing to do what counsel had not asked it to do.

3

The administrator's counsel objected to the court's refusal to add to Instruction No. 6 the italicized words set forth below:

## "INSTRUCTION NO. 6

"Gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another, such as to be shocking to reasonable men, *but something less than willful recklessness.*"

The words "but something less than willful recklessness" have been omitted in definitions of gross negligence enunciated by this Court, *e.g., Guill v. Aaron,* 207 Va. 393, 396, 150 S.E.2d 95, 97-98 (1966), and have been included in other definitions enunciated by this Court. *E.g., Goodwin v. Gilman,* 208 Va. 422, 425, 157 S.E.2d 912, 915 (1967). Although we approve of the inclusion of those words to give a more complete definition, their omission in this case does not constitute reversible error.

4

■ Janice testified that the accident was caused by the driver of another car, which ran her off the road. She identified the car as a black and white Pontiac or Oldsmobile, which "looked exactly like" the car that "stayed down" at Mrs. Williams's house four doors from her home. Janice testified that she believed the car belonged to a boy who was named Young and was married to Mrs. Williams's daughter. She testified that she did not see who was operating the car, she "just recognized the car".[3]

The court instructed the jury that it should find for John Doe if it believed that he did not exist or was not negligent. Over the objection of the administrator's counsel, the court gave this additional instruction relating to John Doe:

## "INSTRUCTION NO. 12

"THE COURT INSTRUCTS THE JURY THAT where the driver of an automobile is known, an action cannot be maintained against John Doe. The Court thus tells the jury that if from all the circumstances you find that the driver of the vehicle claimed to be John Doe is known, you must find your verdict for the defendant John Doe."

It is true, as pointed out by counsel for John Doe, that to support an action against John Doe under the uninsured motorist statute, a plaintiff must prove not only that John Doe existed—that is, that there was a vehicle, but also that the operator is unknown. Va. Code Ann. § 38.1-381 (Supp. 1968). But where, as in this case, the plaintiff has introduced evidence that there was a vehicle driven by an unknown person, it is incumbent on the defendant to bring forth evidence that John Doe was known.

In this case, there was no evidence that John Doe was known. Only Janice testified in this regard, and she "just recognized the

[3] In a discovery deposition taken by counsel for John Doe, Janice testified about her conversation with a Mrs. Smith, who lived near Janice at the time of the accident. Janice said Mrs. Smith told her that on the day of the accident she saw the Young boy get into his car in Mrs. Williams's driveway and drive toward the scene of the accident, and that she heard a crash shortly thereafter. At the trial, Janice was not questioned about her discovery testimony, and Mrs. Smith was not called as a witness.

car", not the operator. So the evidence did not support Instruction No. 12, and the court erred in granting that instruction.[4]

The judgment for Janice Haymore Brizendine is affirmed. The judgment for John Doe is reversed, and the case is remanded for a new trial as to him.

*Affirmed in part; reversed in part; and remanded.*

---

[4] *John Doe* v. *Simmers,* 207 Va. 956, 154 S.E.2d 146 (1967), a case not cited by any party in this case, may appear to support the giving of Instruction No. 12 in this case. But since in that case no question was raised whether the evidence supported an instruction permitting the jury to determine that John Doe was known, we did not pass on that point.