**MARSHALL EXPORTS, INC.,**
**Appellant,**

v.

**C. A. PHILLIPS, d/b/a Phillips Hardwood Sales Co., and Takashimaya Co., Ltd., Appellees.**

No. 74–1362.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 2, 1974.

Decided Dec. 3, 1974.

Marvin E. Taylor, Jr., Raleigh, N. C. (George B. Mast, Joseph T. Nall and Mast, Tew & Nall, Smithfield, N. C., on brief), for appellant.

Larry B. Sitton, Greensboro, N. C. (Beverly C. Moore, H. Miles Foy, III, and Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and BUTZNER and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

With diversity of citizenship undisputed, the controversy in this contract action is on whether personal jurisdiction

---

was ever obtained over the nonresident defendant foreign corporation. The District Court dismissed for want of such jurisdiction.

On February 23, 1973 in the State court, Marshall Exports, Inc. of North Carolina sued C. A. Phillips, a resident of Mississippi, and Takashimaya Company, Ltd., a Japanese corporation, for damages of several million dollars alleged as suffered from the breach by the defendants of two lumber purchase agreements. These documents were signed by Marshall and Phillips, but not by Takashimaya.[1] The case was duly removed to the Federal court.

Although not a signatory to either of them, liability on the contracts is imputed to Takashimaya by the allegations that each contract was made in this way: the defendant Phillips "acting as agent for, and on behalf of defendant, Takashimaya, entered into a written contract whereby plaintiff was to sell and to ship from the State of North Carolina to the defendant Takashimaya in Japan, and the defendant Takashimaya was to purchase from plaintiff" the lumber therein described.

These averments are expanded by assertions of Phillips' representations to the plaintiff at the time of the execution and delivery of the contracts, and on numerous occasions during the prior negotiations, of his agency for Takashimaya and his authorization as agent to enter into such contracts for and on behalf of Takashimaya; that Takashimaya clothed Phillips with indicia of agency and held him out as its agent; and that plaintiff relied upon this apparent authority in executing the contracts with Phillips.

Potential personal jurisdiction of Takashimaya was pleaded by the complaint's allegations of its "doing business in the State of New York, the State of North Carolina and other states with an office in the State of New York". It also set forth that the contracts on which the suit was brought were entered into within the State of North Carolina by plaintiff and by Phillips acting for Takashimaya, as well as that the contracts were for the sale, and shipment from North Carolina to Japan, of the lumber described in the agreements.

Summons and complaint were attempted to be served upon Takashimaya by delivery of them to the Secretary of State of North Carolina in accordance with § 55–146 of the State's General Statutes naming him as the agent for those foreign corporations subject to the jurisdiction of North Carolina. A similar attempt was made through service upon a lawyer in New York City but by affidavit he disclaimed any power to receive process for Takashimaya. This defendant thereafter moved under Rule 12(b), F.R.Civ.P. to dismiss the action for lack of jurisdiction.

To sustain jurisdiction, plaintiff cited the following long-arm statutes of North Carolina:

"G.S. § 1–75.4. Personal jurisdiction, grounds for generally.—A court of this State having jurisdiction on the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

*      *      *      *      *      *

(5) Local Services, Goods or Contracts.—In any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or

---

1. Concededly Phillips was appropriately brought into the action and is not a contestant in this appeal.

c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or * * * "

"G.S. § 55–145. Jurisdiction over foreign corporations not transacting business in this State.—(a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(1) Out of any contract made in this State or to be performed in this State; or

(2) Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or * * * "

In the main, plaintiff Marshall depended upon those portions of these statutes which conferred jurisdiction over persons and foreign corporations subject to a cause of action arising out of contracts made or to be performed in North Carolina, out of any business solicited in the State, or out of promises of services performed or to be performed in North Carolina by the plaintiff. Takashimaya denied it was ever to be found in the State in these circumstances.

Obviously the determinative question was whether the activities of Takashimaya were within the descriptions of these statutes. Upon the issue of jurisdiction being formally raised by motion as permitted by Rule 12(b), the parties, as well as the Court, treated the motion as tendering an issue of fact like a traverse in an answer under Rule 12. *See* Rules 8(d) and 15(b); *cf.* Roberts v. Lewis, 144 U.S. 653, 656–658, 12 S.Ct. 781, 36 L.Ed. 579 (1892). Confirming this intention evidence was offered in the form of affidavits, counter-affidavits, interrogatories and answers thereto, upon the inquiry of whether Takashimaya's operations came within the formulae of the North Carolina jurisdictional statutes. A jury was not demanded and the factual dispute was left to the Court to resolve. Wright, Law of Federal Courts, 2d ed., 292.

In this posture of the litigation the burden was upon the plaintiff to show by a preponderance of the evidence that acts of the defendant placed it within the reach of the long-arm statute. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This, the District Court concluded, the plaintiff had not done.

We cannot say that the findings of the District Judge are clearly erroneous; insightful and searching, they fully sustain the conclusion of the Court.[2] Thus we affirm on the District Judge's Memorandum of Decision and Order. Marshall Exports, Inc. v. Phillips et al., 385 F.Supp. 1250 (E.D.N.C.1974).

Affirmed.

---

**2.** The Court did not have to pass upon the due process limitations upon the long-arm statutes, as weighed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its successors, because it found that the activities of Takashimaya were not within these statutes.