Richard Jay COHEN, Appellee,

v.

Carla Jean BOXBERGER, Appellant.

Richard Jay COHEN, Appellee,

v.

Elmer Lonnie KEEFER, Appellant.

Nos. 75–1706 and 75–1707.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1976.

Decided Sept. 22, 1976.

William O. Snead, III, Lexington, Va. (Carr, Bonner, O'Connell, Kaplan & Thompson, Fairfax, Va., on brief), for appellant in No. 75–1706.

Randolph H. Watts, Alexandria, Va. (William A. Moncure and Richard, Moncure & Whitehead, Alexandria, Va., on brief), for appellant in No. 75–1707.

Richard H. Lewis, Fairfax, Va. (Brault, Lewis, Geschickter & Palmer, Fairfax, Va., on brief), for appellee in Nos. 75–1706 and 75–1707.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Basing jurisdiction on diversity of citizenship, Jay Richard Cohen sued Carla Jean Boxberger and Elmer Ronnie Keefer for damages arising from injuries sustained by Cohen when his car was struck from behind in a multi-car collision on Interstate 95 in Prince William County, Virginia. The trial judge, sitting without a jury, denied defendants' motions for judgment in their favor and entered judgment in favor of Cohen against both defendants in the amount of $17,500.00, plus taxable costs. Both Boxberger and Keefer appeal. We affirm.

On August 21, 1973, an unidentified vehicle pulling a U–Haul trailer fishtailed or jackknifed in the middle lane of northbound I–95. It was raining at the time, and all three lanes of northbound traffic were proceeding at approximately 45 m. p. h. Behind the jackknifed trailer were Sharp (not a party), Cohen, Boxberger, and Keefer, in that order. Sharp and Cohen were able to stop their cars without hitting the trailer or each other's cars. Keefer's car ran into Boxberger's, Boxberger's gas tank exploded, and Boxberger's car ran into Cohen's, which in turn struck Sharp's car. Cohen suffered injuries to his neck and upper back.

Keefer assigns as error that the initial testimony introduced by Cohen did not make out a case. This claim is without merit, for even in criminal cases we have held the whole record should be considered in reviewing the sufficiency of the evidence. *United States v. Heller*, 527 F.2d 1173 (4th Cir. 1975). We are of opinion that the record supports the finding of the trial court that Keefer was negligent.

His next assignment of error is that the trial court erred in refusing to apply the doctrine of sudden emergency. Under this doctrine, "[T]he driver of an automobile is excused from liability if, without prior negligence on his part, he is confronted with a sudden emergency and acts as an ordinarily prudent person would have acted under the same or similar circumstances." *Cowles v. Zahn*, 206 Va. 743, 747, 146 S.E.2d 200, 203 (1966).

Keefer testified that he saw the trailer jackknife. In view of the evidence that both Sharp and Cohen saw the trailer fishtail and were able to stop their vehicles without mishap, even though they were nearer the trailer, we are of opinion that the evidence did not compel a finding of sudden emergency and the application of the doctrine. This is a finding of fact, *Cowles*, p. 746, 146 S.E.2d 200, and the court's finding in that respect is not clearly erroneous.

Keefer also contends that the award of $17,500.00 was excessive. Cohen's out-of-pocket expenses were approximately $2,649.00. The ascertation of damages for personal injuries involves questions which are essentially factual and an award will not be set aside unless it is clearly erroneous. *Scott v. Vandiver*, 476 F.2d 238 (4th Cir. 1973). A reviewing court will disturb the trial court's award of damages only if so out of proportion to the injury and loss suffered to evince prejudice, partiality, or corruption, or a mistaken view of the merits of the case. *Williams Paving Co. v. Kreidl*, 200 Va. 196, 104 S.E.2d 758 (1958). Cohen was partially disabled for months following the accident. His out-of-pocket losses were substantial. We see nothing in the record to suggest any of the necessary factors needed to set the judgment aside and are of opinion the claim is likewise without merit.

Boxberger urges that she was not negligent, and even if she were, such negligence was not a proximate cause of the collision with Cohen.

The trial court found that Boxberger violated her statutory duties under Va. Code §§ 46.1–213 and 190(h). It found that she was driving too fast and following too closely behind the vehicle in front of her to keep a reasonable lookout for sudden stops and that in so doing was negligent. The weather was rainy and the visibility poor. She was driving between 40 and 45 m. p. h. and says she was following at a distance of approximately five to seven car lengths. Although Sharp and Cohen were able to keep their cars under control and stop without a collision, the evidence justifies a finding that Boxberger was not. Her car hit Cohen's after Cohen had stopped. While it may have been that, had Keefer not struck her car, she would have stopped without hitting Cohen, she had not come to a stop when only a few feet from the Cohen car, and we think the finding by the district court that she was negligent was not clearly erroneous. F.R.C.P. 52(a).

Proximate cause is also a question for the trier of fact, who is entitled to make conclusions not only from the evidence presented but also from the inferences which arise out of the evidence presented. Boxberger contends that Keefer's negligent acts were the sole proximate cause of the collision, and that her negligence contributed in no way. We are of opinion, however, that the trial judge's finding that the negligent acts of both Boxberger and Keefer were the proximate cause of the collision is not clearly erroneous. He was entitled to infer from Boxberger's violation of the two Virginia statutes which constitute negligence and the fact that she had not stopped when only a few feet from Cohen, although, like Keefer, she had more time than Cohen in which to act, that her negligence contributed to the collision. Where separate and independent acts of negligence combine to produce a single injury, each is responsible for the entire result. *Dickenson v. Tabb*, 208 Va. 184, 156 S.E.2d 795 (1967). In this connection, we especially note that Boxberger apparently did not even see the fishtailing trailer although Cohen in front of her and Keefer behind her both did. Her negligence, then, in failing to keep a proper lookout is all but admitted.

The judgment of the district court is accordingly

*AFFIRMED.*