Estelle W. **SLIGH**, Plaintiff, Appellee,

v.

John **DOE**, Defendant, Appellant.

No. 78–1312.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1979.

Decided April 19, 1979.

---

Randolph H. Perry, Fairfax, Va., (Thomas Pace, Carr, Jordan, Coyne & Savits, Washington, D. C., on brief), for appellant.

Vincent Nappo, Washington, D. C., (Michael Branham, Vienna, Va., on brief), for appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and DUMBAULD,* Senior District Judge.

DUMBAULD, Senior District Judge.

Plaintiff, a resident of the District of Columbia, a woman in her fifties employed by the government, was a passenger in the rear seat of an automobile which was negligently sideswiped in Virginia by a hit-and-run Cadillac occupied by four black males. She sustained injuries to her knees for which the jury awarded $13,500.[1] The Cadillac stopped, but immediately drove away, and escaped pursuit. The Cadillac bore Virginia license plates, but the numbers could not be determined.

The crucial question before us is whether diversity jurisdiction has been sufficiently established. Such jurisdiction is based upon Art. III, sec. 2, of the Constitution which provides that:

The judicial Power shall extend to . . . Controversies . . . between Citizens of different States.

 The constitutional grant, however, simply endows inferior federal courts with the capacity to receive jurisdiction in specified cases; an act of Congress is necessary to vest it. *Turner v. Bank of North America,* 4 Dall. 8, 10, 1 L.Ed. 718 (1799); *Sheldon v. Sill,* 8 How. 441, 448–49, 12 L.Ed. 1147 (1850). In Chief Justice Marshall's time the plaintiff could not have sued in the Virginia federal court. He held, in *Hepburn v. Ellzey,* 2 Cranch 445, 452, 2 L.Ed. 332 (1805), that the act of Congress establishing diversity jurisdiction "obviously uses the word 'state' in reference to that term as used in the constitution," and that the District of Columbia is not a State "in the sense of that instrument." Not until 1949 did the Supreme Court decide that residents of the District could invoke diversity jurisdiction. *National Mutual Ins. Co. v. Tidewater Transfer Co.,* 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949).[2] The present statutory language makes clear the intent of Congress to permit such invocation.[3]

It is hornbook law that a plaintiff seeking relief in a federal court has the burden of alleging and proving the jurisdictional facts. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); Wright, *Handbook of the Law of Federal Courts,* 15–16 (2d ed. 1970). It is equally elementary that lack of jurisdiction is a question that may be raised at any time.[4]

---

* Edward Dumbauld, Senior District Judge, Western District of Pennsylvania, sitting by designation.

1. As the trial judge states, the verdict may have been generous, in the light of the evidence as to the extent of damages, but not excessive.

2. The Act of April 20, 1940, 54 Stat. 143 was sustained by a combination of conflicting minorities on the Court. Three Justices held that the legislation was valid under the power to govern the District of Columbia conferred by Article I, sec. 8, cl. 17. Two Justices favored overruling Marshall's decision in *Hepburn.* Four thought the law was unconstitutional.

See Wright, *Handbook of the Law of Federal Courts,* 81–82 (2d ed. 1970).

3. 28 U.S.C. § 1332(d): "The word 'States,' as used in this section, includes . . . the District of Columbia."

4. Wright, *Handbook,* note 2 *supra,* 16–17; *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934). In the case at bar defendant first raised the question after the jury was sworn but before counsels' opening statements or presentation of evidence. The trial judge proceeded with the trial but later gave full consideration to defendant's point.

Defendant's reliance on *Johnson v. General Motors,* 242 F.Supp. 778 (E.D.Va. Norfolk Div. 1965), is misplaced. In that case a *Virginia* plaintiff sued, as plaintiff does here, an unknown motorist under the Virginia Uninsured Motorist law. Judge Hoffman, observing that plaintiff was admittedly unable to offer any proof as to the citizenship of John Doe, went on to say: "Indeed, since the accident giving rise to this cause of action took place in the City of Norfolk, it is more probable than not that the unknown driver . . . was a citizen of Virginia." That circumstance, which served to *defeat* jurisdiction in *Johnson,* would tend to establish it in the case at bar.

■ Citizenship,[5] like the other ingredients or elements of diversity jurisdiction (such as the amount in controversy,[6] residence of the parties,[7] principal place of business of a corporation[8]), presents a preliminary question of fact to be determined by the trial court. Appellate review should be limited by the usual standards applicable to such determinations. *U. S. v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Bluefield Armature Co. v. R. G. Pope Construction Co.,* 548 F.2d 484, 485, 487 (C.A. 4, 1976); *Cohen v. Boxberger,* 544 F.2d 701, 704 (C.A. 4, 1976); *U. S. v. One 1971 Mercedes Benz,* 542 F.2d 912, 914 (C.A. 4, 1976).[9] Applying those criteria we are unable to say that the District Court's determination of the preliminary question of diversity of citizenship was clearly erroneous.

The trial court "was entitled to infer and find, as it did, that the driver of a car having Virginia tags involved in a Virginia accident is more likely than not a Virginia resident."[10] This inference follows *a fortiori* if Judge Hoffman's reasoning in *Johnson, supra,* be accepted, that even when *no* evidence was offered, the circumstances made it "more probable than not that the unknown driver . . . was a citizen of Virginia."

In the case at bar there was some affirmative evidence pointing toward Virginia citizenship, not conclusive evidence by any means, but sufficient to support a finding in the absence of any contradictory proof. Had defendant offered testimony that four persons in the area had recently robbed a bank and made their getaway in a stolen white Cadillac, or testimony from the local Hertz or Avis agency that such a vehicle had been rented to four men from Washington, the situation would be different. But as the record stands, the normal logical conclusion which a fair mind would reach is that the hit-and-run driver was a Virginia resident. Resort to speculation and conjecture would be necessary in order to overthrow this conclusion and maintain defendant's position. Hence we are constrained to hold that the District Judge's determination of the crucial question of fact was not clearly erroneous. Hence the judgment below must be affirmed.

5. Ordinarily an individual's citizenship will be determined by his place of residence, pursuant to Section 1 of the Fourteenth Amendment, which provides that "All persons born or naturalized in the United States . . . are citizens of the United States and of the State wherein they reside."

6. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

7. *Morris v. Gilmer,* 129 U.S. 315, 328, 9 S.Ct. 289, 32 L.Ed. 690 (1889); *Wehrle v. Brooks,* 269 F.Supp. 785, 787–88 (W.D.N.C., Charlotte Div. 1966), aff'd 379 F.2d 288 (C.A. 4, 1967); *Griffin v. Matthews,* 310 F.Supp. 341, 342–43 (M.D. N.C., Greensboro Div.1969), aff'd 423 F.2d 272 (C.A. 4, 1970).

8. *Caperton v. Pocahontas,* 420 F.Supp. 445, 449–50 (W.D.Va., Abingdon Div.1976), aff'd 585 F.2d 683, 691 (C.A. 4, 1978).

9. It is plain that the "clearly erroneous" rule applies to jurisdictional as well as to substantive determinations. *Caperton v. Beatrice-Pocahontas Coal Co.,* 585 F.2d 683, 691 (C.A. 4, 1978); *Webb v. Nolan,* 484 F.2d 1049, 1050 (C.A. 4, 1973); *Marshall Exports v. Phillips,* 507 F.2d 47, 49 (C.A. 4, 1974).

10. Only the issue of damages was submitted to the jury. Defendant made no request to submit the question of domicile to the jury. In any event it was not error for the Court to determine that matter upon the testimony in the record. *Gilbert v. David,* 235 U.S. 561, 568, 35 S.Ct. 164, 59 L.Ed. 360 (1915).

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

In the case at bar, plaintiff brought suit under the Virginia uninsured motorist statute, Va.Code § 38.1–381(c)–(e). Section 38.-1–381(e) provides, in pertinent part: "If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe' . . . ." To maintain an action against "John Doe" under this statute, a plaintiff must prove that the operator of the vehicle is "unknown." See *Haymore v. Brizendine,* 210 Va. 578, 172 S.E.2d 774, 777–78 (1970); *Doe v. Simmers,* 207 Va. 956, 154 S.E.2d 146, 148–149 (1967).

Plaintiff, a citizen of the District of Columbia, chose to bring suit against "John Doe" in the federal district court, basing the court's jurisdiction on diversity of citizenship. As such, the burden was upon plaintiff, as noted by the majority, to prove that "John Doe" was not a citizen of the District of Columbia.

I believe it is a contradiction in terms for a plaintiff to contend that the operator of a vehicle is "unknown" for purposes of Virginia's uninsured motorist statute, yet sufficiently identified for purposes of diversity of citizenship. Either the court lacks jurisdiction because the citizenship of the defendant cannot be proven, or Virginia's uninsured motorist statute does not apply because it cannot be proven that the operator is "unknown." The two contentions cannot logically coexist.

If the coexistence of both contentions is accepted, the following dilemma becomes at once apparent. If one must persuade by a preponderance of the evidence that the operator is not a citizen of the State of the plaintiff, it as well must be possible to sufficiently identify the operator so that he is not "unknown" within the meaning of the Virginia statute. But to so identify the operator would render the Virginia statute inapplicable. On the other hand, if one must prove that the operator is "unknown" so that Virginia's uninsured motorist statute applies, it must be that the district court would be without jurisdiction since it would be impossible to prove the citizenship of the operator. The result rendered by the majority makes it all too alluring for a plaintiff to try to walk the narrow line between too much and too little information concerning the identification of the operator in order to invoke the limited jurisdiction of the district court and yet keep within the Virginia statute. I believe the result strains to find jurisdiction where none should exist.

As an additional and equally valid reason for my opinion that diversity jurisdiction is not present here, I think the district court erred in determining that the plaintiff's evidence was sufficient to support a finding that the defendant operator, "John Doe," was a citizen of Virginia. The court premised its conclusion solely on the following facts: the accident occurred in Virginia; the defendant was driving an automobile with Virginia license tags; and no contradictory evidence on defendant's citizenship was introduced.

If the above evidence may show anything as to citizenship, at the very best it would go to the citizenship of the owner, and not the driver, of the car, for the owner is required to register an auto. See Va.Code § 46.1–41. And even that evidence does not support an inference that the owner of the car is a citizen of Virginia, for, in Virginia, there are a variety of circumstances in which a nonresident must register and license his vehicle in the State. See Va. Code §§ 46.1–131–139. Therefore, just because a vehicle bears Virginia license tags does not mean the owner is even a resident of Virginia, much less a citizen thereof. Furthermore, registration is keyed to the use of the use of the highways of the State, Va.Code § 46.1–41, or operation in the State, Va.Code § 46.1–134, not to either citizenship or residence.

It is even more speculative to infer that the driver of the car was a citizen of Virginia. As the majority points out, the hit-and-run car was occupied by four males. It is sheer speculation to assume that the driver of the car was also the owner of the car

in these circumstances. Therefore, the license tags tell us nothing about the citizenship of the driver of the car, even if we accept for argument the proposition that they tell us something about the owner of the car. Likewise, the fact that the accident occurred in Alexandria, Virginia, which is in close proximity to both Maryland and Washington, D. C., does not tell us anything about the citizenship of the driver.

The majority opinion states that "resort to speculation and conjecture would be necessary in order to overthrow [the district court's] conclusion" as to defendant's citizenship. Because I believe the evidence of record is silent as to the citizenship of the driver of the car, I think it is necessary to resort to speculation and conjecture in order to uphold the court's finding. This, I am unwilling to do.

I would require the dismissal of the case for lack of diversity jurisdiction.