**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1228

YING QING LU,

Plaintiff – Appellant,

v.

CYRUS AZAR ARIABIN,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:07-cv-01034-LMB-TRJ)

Submitted: September 29, 2009        Decided: October 19, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry St. John FitzGerald, Arlington, Virginia, for Appellant. Craig C. Reilly, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ying Qing Lu appeals the district court's orders granting the Defendant's motion to dismiss Lu's civil action for lack of subject matter jurisdiction and denying her motion to alter or amend judgment. On appeal, Lu contends the district court erred in denying her motion for jurisdictional discovery and in deciding the factual issue of Defendant's citizenship based on the parties' declarations. We affirm.

If the district court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir.), pet. for cert. filed, 78 U.S.L.W. 3058 (2009). The district court may "resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." Id. at 348.

Citizenship presents a preliminary question of fact to be determined by the district court. Sligh v. Doe, 596 F.2d 1169, 1171 n.9 (4th Cir. 1979). We review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusions flowing therefrom de novo. Velasco v.

2

Government of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004).  We will only overturn a district court's finding of fact as clearly erroneous when we are "left with the definite and firm conviction that a mistake has been committed."  Vuyyuru, 555 F.3d at 350 (citations omitted).  We review a district court's limitation of jurisdictional discovery and its decision whether to conduct an evidentiary hearing for abuse of discretion.  See Thigpen v. United States, 800 F.2d 393, 397-98 (1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988).

With these standards in mind, we have reviewed the record and find no abuse of discretion or reversible error.  Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED