**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-1154**

───────────

ENOVATIVE TECHNOLOGIES, LLC,

        Plaintiff - Appellee,

   v.

GABRIEL REUVEN LEOR,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:14-cv-03956-JKB)

───────────

Submitted: July 28, 2015        Decided: August 14, 2015

───────────

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Gabriel Reuven Leor, Appellant Pro Se. Lori Vaughn Ebersohl, APATOFF PETERS EBERSOHL, Falls Church, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enovative Technologies, LLC ("Enovative"), filed a civil complaint against Gabriel Reuven Leor ("Leor"), the former Chief Executive Officer ("CEO") of Enovative, alleging that he was engaged in conduct purposely designed to economically damage and irreparably harm his former employer by hijacking websites used by Enovative. The district court granted Enovative's motions for a temporary restraining order and a preliminary injunction in the action below. Leor appeals from those two orders, raising numerous issues.

The issues Leor raises on appeal are whether: (1) the district court had diversity jurisdiction; (2) Virginia law permits a suit by a limited liability company against its former chief executive officer in federal court; (3) the employment agreement relied on by Enovative permits litigation in federal court in Baltimore; (4) a federal court can order an owner of a website to relinquish ownership in a preliminary hearing; (5) the district court had personal jurisdiction to effect service of process via email to Leor in Thailand; (6) the district court could grant injunctive relief when money damages were available; (7) the district court properly ordered fines and attorney's fees on preliminary motions; (8) the district court improperly handled Leor's motion to dismiss because the court decided the issue on the basis of subject matter

2

jurisdiction before Enovative had filed a response to Leor's motion to dismiss; (9) Enovative could rely on extracts of a transcript that Leor did not have; (10) the district court properly overruled Leor's objections during the evidentiary hearings; and (11) the district court erred by denying Leor, who was proceeding pro se, permission to file electronically.

The record does not contain a transcript of court hearings conducted on February 12 and 13, 2015. An appellant has the burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b)(1); 4th Cir. R. 10(c)(1). An appellant proceeding on appeal in forma pauperis is entitled to transcripts at government expense only in certain circumstances not applicable here. 28 U.S.C. § 753(f) (2012). By failing to produce a transcript or to qualify for the production of transcripts at government expense, Leor has thus waived review of the issues on appeal that depend upon the transcript to show error. See generally Fed. R. App. P. 10(b)(2); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987). Because Leor fails to provide this court with the transcripts of the hearings conducted on February 12 and 13, 2015, his claims raised in issues 1, 3, 4, 8, 9, and 10 cannot be properly addressed. Thus, by failing to submit to the court the above transcripts, Leor has waived appellate review of these issues.

3

We address Leor's remaining issues in turn. In issue 2 Leor, relying on Va. Code Ann. § 13.1-1021.1, 1024(J), argues that there was no diversity between the parties because he was the CEO of a Virginia limited liability company ("LLC") and thus all parties were from Virginia. This court reviews a district court's factual findings with respect to jurisdiction for clear error. See Sligh v. Doe, 596 F.2d 1169, 1171 & 1171 n.9 (4th Cir. 1979) (reviewing district court's finding of jurisdictional fact that parties had diversity of citizenship under the clearly erroneous standard of review and describing the applicability of such standard as plain). Our review of the Virginia law reveals no reversible error by the district court. Moreover, Leor has arguably waived this issue, by failing to provide the relevant transcripts, because the district court previously rejected his jurisdictional arguments in its February 19, 2015 order. The February 19 order specifically denied Leor's motion to dismiss for lack of jurisdiction relying on "the reasons stated in open court on February 12." (E.R. 360).

In issue 5 Leor, who lives in Thailand, questions the court's personal jurisdiction over him via email. As applied to this case, Fed. R. Civ. P. 4(f)(3) allows for service upon individuals in a foreign country by other means not prohibited by international agreement as may be directed by the court. Rule 4(f) does not denote any hierarchy or preference for one

4

method of service over another.  Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).  The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.  Id.  "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant."  Id. (internal citation omitted).

A court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which "provides the Court with . . . flexibility and discretion . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case."  In re Int'l Telemedia Assocs., Inc., 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000) (granting Rule 4(f)(3) motion approving service to defendant's last-known email address).  In order to fulfill due process requirements under Rule 4(f)(3), a court must approve a method of service that is "reasonably calculated under all the circumstances" to give notice to defendant.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

In its December 24 order, the district court granted Enovative permission to serve Leor by electronic mail under Rule 4(f)(3), finding that: the service complied with the

constitutional and due process notice requirements under Mullane; Leor had left the United States and moved to Thailand; Enovative had searched diligently, yet unsuccessfully, for Leor's mailing address; and that Leor had exhibited a willingness to communicate with Enovative by electronic mail. (E.R. 167-68). The court found that alternative service by electronic mail was not prohibited by any international agreement, including Thailand, and thus granted Enovative's motion for alternative service. (E.R. 168). We find no abuse in the district court's finding that it had personal jurisdiction over Leor via email. See Rule 4(f)(3); In re Int'l Telemedia Assocs., Inc., 245 B.R. at 719.

In issue 6 Leor asserts that injunctive relief was unnecessary because all the relief in the complaint could be quantified with damages. We find no reversible error in the district court's decision to grant a preliminary injunction. E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (noting that factual determinations are reviewed for clear error and legal conclusions de novo). At the time that Enovative moved for preliminary injunctive relief, Leor was in a position to further damage its reputation vis-à-vis its customers and to further interfere with its business relationships because he had hijacked two of the websites the company used to sell its products.

For issue 7 Leor argues that this court disfavors attorney fees in a preliminary hearing, questions the accuracy of the $1,000 per day fine, and why the fines are paid to the United States. This claim is arguably waived due to Leor's failure to provide transcripts of the February 12 and 13 hearings because the court granted Enovative's motion for sanctions, civil contempt, attorney's fees, and costs for "reasons discussed in open court." (E.R. 361). See Fed. R. App. P. 10(b)(2); 4th Cir. R. 10(c)(1). Moreover, the district court applied the correct law, relying on In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995), and found it had the authority to impose sanctions for civil contempt to coerce Leor's obedience with that order and to compensate Enovative for losses because of Leor's failure to follow the court's rulings. (E.R. 361). Also, the Supreme Court has allowed daily fines to coerce litigants into compliance. See generally Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994). Thus, this claim also lacks merit.

In issue 11 Leor alleges that the district court erred by denying him permission to file electronically. Leor has failed, however, to show entitlement to file electronically in the district court and therefore has shown no reversible error on appeal. Thus, this claim fails.

Accordingly, while we grant leave to proceed in forma pauperis, we affirm for the above reasons and for those stated by the district court. <u>Enovative Techs., LLC v. Leor</u>, No. 1:14-cv-03956-JKB (D. Md. Dec. 18, 2014 & Jan. 6, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>