**MARSHALL EXPORTS, INC.,**
**Plaintiff,**

v.

**C. A. PHILLIPS, d/b/a Phillips Hardwood Sales Company, and Takashimaya Company, Ltd., Defendants.**

**Civ. No. 4256.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Jan. 21, 1974.

John V. Hunter, III, Raleigh, N. C., for defendant C. A. Phillips.

Larry B. Sitton, Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendant Takashimaya Co., Ltd.

## MEMORANDUM OF DECISION AND ORDER

DUPREE, District Judge.

In this diversity action plaintiff seeks damages for the alleged breach of two contracts entered into between plaintiff, Marshall Exports, Inc., a North Carolina corporation, and defendant, C. A. Phillips, a Mississippi resident, who allegedly was acting for and on behalf of the defendant, Takashimaya Company, Ltd., a Japanese corporation, in executing the contracts for the purchase from the plaintiff of the lumber necessary to construct several thousand bowling alley lanes. The case is before the court on the motions of each defendant to dismiss for improper service and lack of jurisdiction of the person. Defendant Phillips has also moved to dismiss for failure of the complaint to state a claim upon which relief can be granted.

Since the institution of the action plaintiff has perfected service of summons upon defendant Phillips, and counsel for Phillips having indicated a desire not to press the motion to dismiss for failure to state a claim, each of the motions of the defendant Phillips is overruled.

The motion of defendant Takashimaya is based on several grounds, but for present purposes it will suffice to consider the motion only on the question of whether this Japanese corporation is subject to the *in personam* jurisdiction of a court in North Carolina. This gives rise to the familiar two-pronged inquiry as to the applicability of the North Carolina "long-arm statutes" and the due process clause of the Fourteenth Amendment.

Plaintiff has undertaken to serve Takashimaya with process by serving the summons and complaint on the Secretary

George B. Mast, Smithfield, N. C., Marvin E. Taylor, Jr., Raleigh, N. C., for plaintiff.

of State of North Carolina, contending that the Japanese corporation is amenable to effective service under two North Carolina statutes, N.C.G.S. § 1–75.4(5) and N.C.G.S. § 55–145(a)(1). The first of these statutes provides in substance that a court of this state having jurisdiction of the subject matter has jurisdiction over the person in actions arising out of a promise made anywhere to the plaintiff by the defendant to deliver or receive goods within this state, and the second statute provides in substance for jurisdiction over foreign corporations not transacting business in the state in actions by residents of this state arising out of any contract made in the state or to be performed here. Another North Carolina statute, G.S. § 55–146, constitutes the Secretary of State as process agent for foreign corporations subject to jurisdiction under these two statutes.

On their face the contracts here in suit purport to be only between plaintiff and defendant Phillips, but plaintiff has offered evidence tending to show and from which the court finds that plaintiff's officers met with Phillips and one Hirose, an admitted representative of Takashimaya, in New Orleans and negotiated with them concerning these contracts; that Hirose furnished plaintiff's officers with a copy of Takashimaya's annual report and a financial brochure; that Phillips prepared the contract in Natchez, Mississippi, where it was delivered to an officer of the plaintiff; that another officer negotiated by phone with both Phillips and Hirose; that the contracts were dated April 1, 1972, prior to which date Phillips visited North Carolina and discussed with plaintiff its capacity to fill contracts of this kind; and that plaintiff's officers believed that Phillips had actual authority to bind Takashimaya with the contracts.

Notwithstanding plaintiff's officers believed in good faith that the two contracts in question were binding obligations of Takashimaya, the fact is that neither Phillips nor Hirose were authorized to bind Takashimaya by these agreements. It is true that Takashimaya was in the market in the United States for bowling alley lanes in a substantial manner, but its invariable practice was to make purchases in this country on the basis of formal written contracts executed in its own name, and Phillips was not and never had been an employee of Takashimaya. Hirose was a field representative of Takashimaya, but he had limited authority which did not extend to the making of contracts involving several millions of dollars as did the contracts here in suit. Both Phillips and Hirose by words and deeds represented to plaintiff's officials that they did have such authority, but agency cannot be proved by the extra-judicial declarations of the agent, and so for present purposes this evidence is inadmissible and cannot be considered against Takashimaya.

Without this evidence it must be held that plaintiff has fallen short of carrying the burden of establishing that Takashimaya's activities sufficed to satisfy the requirements of the "minimum contacts" doctrine enunciated in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and this defendant's motion to dismiss must be allowed.

Having reached this conclusion, it becomes unnecessary to consider the due process question, but if it were necessary to decide the question, this court would have no hesitation in holding that maintenance of the suit in North Carolina would not offend "traditional notions of fair play and substantial justice."

On the basis of the foregoing findings and conclusions it is now

Ordered that the motion to dismiss of the defendant Takashimaya is allowed and the action as to this defendant is dismissed.

Pursuant to Rule 54(b), F.R.Civ.P., the court further finds that there is no just reason for delay and this order shall therefore constitute a final and ap-

pealable judgment of dismissal as to the defendant Takashimaya. Schnur & Cohan, Inc. v. McDonald, 328 F.2d 103 (4th Cir. 1964).

The findings of fact made herein shall be binding on the parties only for purposes of this order and otherwise shall be without prejudice to the rights of any party in this or other litigation arising out of the two contracts which are the subject of this action.