Crystal STATON, et al., Plaintiffs,

v.

William LOONEY, et al., Defendants.

Civ. A. No. 88–3323.

United States District Court, District of Columbia.

Feb. 2, 1989.

### ORDER

REVERCOMB, District Judge.

This case is before the Court on a motion to dismiss for lack of personal jurisdiction. The complaint alleges that the plaintiffs are citizens of the District of Columbia who were injured in an automobile accident in Temple Hills, Maryland. The complaint also alleges that the defendants are citizens of Maryland. The defendants have moved to dismiss on the grounds that this Court lacks personal jurisdiction over Maryland residents, lacking local contacts, who were involved in an accident occurring in Maryland.

The District of Columbia Court of Appeals has construed its local *in personam* jurisdiction to reach as far as possible

while remaining co-extensive with constitutional limits. *Mouzavires v. Baxter*, 434 A.2d 988 (D.C.1981) (en banc). Therefore, the outer perimeters of jurisdiction over non-residents for torts occurring outside the District of Columbia are governed by the test of "fair play and substantial justice" established by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The District of Columbia also has a "long-arm" statute which permits the exercise of jurisdiction over non-resident defendants under certain circumstances. D.C.Code Ann. § 13–423 (1984). However, the Court of Appeals has made it clear that under *International Shoe* the "long-arm" statute cannot be used to obtain jurisdiction over non-resident defendants lacking local contacts when neither the tortious act complained of nor the injury resulting therefrom occurred in the District.

The plaintiffs argue that jurisdiction is invoked properly under the "long-arm" statute as construed by the District of Columbia Court of Appeals. They point to that portion of the statute which states that the court may exercise jurisdiction over a defendant "if he regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia." In support of the proposition that the defendants maintain sufficient local business contacts to justify the exercise of this court's *in personam* jurisdiction the plaintiffs point to the fact that the defendants' counsel in this case maintains an office in the District.[1]

The fact that the defendants have retained local counsel for the purpose of defending this case does not constitute doing business in the District of Columbia. The cases upon which the plaintiffs rely are inapposite, since in both of those cases, the non-resident defendants were being sued by their former local attorneys, with causes of action based on the attorney-client relationship. *See Hummell v. Koehler*, 458 A.2d 1187 (D.C.App.1983); *Mouzavires v. Baxter*, 434 A.2d 988 (D.C.App.1981) (en banc). The harms complained of in those cases occurred in the District, so that the exercise of *in personam* jurisdiction, even though it was exercised, as in *Mouzavires*, on the basis of a phone call made from outside the District, was consistent with the general rule that jurisdiction will lie where the act complained of or the harm suffered occurred. In both cases, former clients were sued by their former attorneys for non-payment of fees. While the cases are based on the principle that the "transacting any business" provision of the D.C. "long-arm" statute embraces contractual activities of a non-resident defendant which cause a consequence within the District, under some circumstances requiring only a single act to create contacts sufficient to justify jurisdiction, the cases never go so far as to say that merely hiring a lawyer to defend a case in the District entitles the Court to exercise personal jurisdiction over the plaintiff in the very case which the lawyer has been hired to defend. Nor should they. To hold otherwise would allow a plaintiff to *trap* a defendant into minimum contacts simply by luring him into hiring local counsel. It is consistent with the regime of *International Shoe* for

---

1. The plaintiff has also argued that the defendants are subject to D.C. jurisdiction because they use D.C. utilities. The latter argument is left unsupported by any factual allegation, and is not bolstered by any citation to legal authority. The plaintiffs argue that the Court must "initially presume" that the defendants' residential propinquity to the District, (since it appears that they live within a few miles of the D.C.—Maryland border), has produced the requisite minimal contacts (in the form of legal counsel based in the District, and use of locally-based utilities) with the District to justify the exercise of *in personam* jurisdiction. The argument based on hiring a D.C. lawyer is addressed in the main body of this Order. As to the second argument, the plaintiffs do not specify which utilities are meant, or how using them, if the defendants *do* use them, makes them susceptible to personal jurisdiction in this Court. The Court declines to speculate on this issue in the absence of factual allegations and legal authority, and will not presume, even initially, that the defendants rely upon utilities based in the District, or that even if they do, that that would constitute a level of contact sufficient to bring them within the ambit of D.C.Code § 13–423.

the District to exercise personal jurisdiction over defendants in *some* cases where the alleged injury occurred outside the District, but in such cases, local law requires a plaintiff suing on an injury which occurred outside the District to demonstrate, in addition to District contacts, that the claim *arose out of* the non-resident defendant's contacts with the District. *Naartex Consulting Corp. v. Watt,* 542 F.Supp. 1196 (D.D.C.1982). No such allegation has been made in this case.

Since the cases cited by the plaintiffs do not stand for the proposition that the defendants in this case are subject to this Court's jurisdiction solely by virtue of having retained a lawyer for the purpose of filing the present motion to dismiss, it appears to the Court that it may not exercise personal jurisdiction over the defendants in this case. Accordingly, it is ORDERED that the case be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a).