VITÍN GARMENT MANUFACTURING CORP., Plaintiff,

v.

SCHRECK WHOLESALE, INC.; Codera Clothing, Inc.; and Dubois Gilliam, Defendants.

Civ. No. 92–1931 (RLA).

United States District Court, D. Puerto Rico.

Aug. 17, 1993.

---

848

Aníbal Lugo Miranda, Shapiro & Lugo, Hato Rey, PR, for plaintiff.

Eric Pérez Ochoa, Martinez, Odell & Calabria, Hato Rey, PR, Russell J. Hirsch, Arthur E. Rosenson, Meech Shelist Freed Denenberg & Ament, PC, Chicago, IL, for defendants.

### OPINION AND ORDER DISMISSING COMPLAINT AS TO CODEFENDANT SCHRECK FOR LACK OF IN PERSONAM JURISDICTION

ACOSTA, District Judge.

Plaintiff instituted this action against two corporate entities and an individual for alleged breach of contract and collection of monies. Jurisdiction is invoked under 28 U.S.C. § 1332.

Codefendant SCHRECK WHOLESALE, INC. ("SCHRECK") is seeking the dismissal of the complaint filed against it on the ground of lack of *in personam* jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), or in the alternative, the transfer of this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1406(a) (docket No. 7).

### THE PARTIES

Plaintiff, VITIN GARMENT MANUFACTURING CORP. ("VITIN"), an entity incorporated under the laws of the Commonwealth of Puerto Rico, manufactures military uniforms in Puerto Rico. Codefendant CODERA CLOTHING, INC. ("CODERA")[1] is alleged to be a corporation existing under the laws of the State of Alabama and in the business of manufacturing clothing and serving as an agent for wholesalers. Codefend-

---

1. It should be noted that no proof of service on CODERA has been filed in accordance with the U.S. *Magistrate Judge's Order of November 3,* 1992 (docket No. 11), and that the record in this case does not contain an answer to the complaint from this codefendant.

ant DUBOIS GILLIAM [2] was at all relevant times an employee of CODERA and a resident of the State of Virginia. The remaining defendant, SCHRECK, is incorporated under the laws of the State of Illinois and in the business of buying and selling goods such as camping supplies and clothing apparel.

## THE ISSUE

In its motion to dismiss, SCHRECK contends that since it is an Illinois' corporation which has never conducted any business with VITIN, in Puerto Rico or elsewhere, it is not subject to the jurisdiction of this Court. Needless to say, the plaintiff disagrees.

## RELEVANT FACTS/CONDUCT

According to the complaint, on February 11, 1992 codefendant CODERA engaged in negotiations with the plaintiff in Mayagüez, Puerto Rico, for the purchase of large quantities of goods, i.e., coats, shirts, trousers and caps manufactured by the plaintiff. During the negotiations, CODERA was represented by codefendant DUBOIS GILLIAM. It is further alleged that during such transactions CODERA was acting as an agent of SCHRECK. Upon reaching an agreement for the manufacture (by VITIN) and purchase (by CODERA) of the aforementioned goods, partial payments and the delivery of certain items were exchanged between the parties. VITIN claims, however, that CODERA and SCHRECK have failed to pay the balance due on the shipped items, for a total debt of $117,570.00; nor have they honored their agreements to purchase other items from VITIN for a total value of $281,395.00.

## IN PERSONAM JURISDICTION

VITIN carries the burden of establishing our jurisdiction in this case. "When challenged, the plaintiff has the burden of proving the court's jurisdiction over the defendant." *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.,* 894 F.2d 9, 11 (1st Cir.1990) (citation omitted). To determine the validity of SCHRECK's motion to dismiss for lack of *in personam* jurisdiction, we use the *prima*

*facie* standard. Accordingly, we need only consider "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Boit v. Gar–Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir.1992). In order to defeat SCHRECK's motion when using the *prima facie* standard, "the plaintiff must make the showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." *Id.* (citations and internal quotation marks omitted). To do that, the plaintiff must make affirmative proof, and cannot "rely on unsupported allegations in [its] pleadings[.]" *Id.* (citation omitted). *See also Ealing Corp. v. Harrods Ltd.,* 790 F.2d 978, 979 (1st Cir.1986) ("If the plaintiff makes a *prima facie* showing of jurisdiction supported by specific facts alleged in the pleadings, affidavits, and exhibits, its burden is met.") (citations omitted).

The Commonwealth of Puerto Rico's long-arm statute provides, in its pertinent part, as follows:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent....

P.R. Laws Ann. tit. 32 App. III, Rule 4.7(a)(1) (1979). The Supreme Court for the Commonwealth of Puerto Rico has indicated that "*in personam* jurisdiction extends to all cases where it is constitutionally permissible." *Dalmau Rodríguez v. Hughes Aircraft Co.,* 781 F.2d 9, 12 (1st Cir.1986) (citing *A.H. Thomas Co. v. Superior Court of Puerto Rico,* 98 P.R.R. 864, 870 n. 5 (1970)).

Jurisdiction over codefendant SCHRECK will also require a finding that requiring such corporation to defend in this forum will not violate notions of due process and fair play.

The due process clause of the Constitution requires that before a defendant can be brought into a forum's court, two condi-

**2.** It should also be noted that no proof of service on Mr. Gilliam has been filed in accordance with the U.S. Magistrate Judge's Order of November

3, 1992 (docket No. 11), and that the record in this case does not contain an answer to the complaint from this codefendant.

**850**

tions must be met. First, the defendant must have purposely established "minimum contacts" with the forum such that he can reasonably anticipate being haled into that forum's court.... Second, if such contacts exist, the exercise of personal jurisdiction over the defendant must comport with "fair play and substantial justice." *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d at 11 (citations omitted).

■ It is plaintiff's contention that SCHRECK transacted business in Puerto Rico through an agent, i.e., CODERA. Agency has been defined as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1(1) (1958). *See also* Restatement (Second) of Agency § 14M cmt. a (1958) ("[A] corporation may become an agent of an individual or of another corporation, as it does when it makes a contract on the other's account.").

■ In support of its agency contention, plaintiff submitted several documents with the complaint and memorandum of law in opposition to SCHRECK's motion to dismiss (docket Nos. 1 and 10). According to this material, when taken together with the remainder of the record in this case, it appears that CODERA entered into an agreement with VITIN for the purchase of some goods and that these were the same goods that a "customer," i.e., SCHRECK, had agreed to obtain from CODERA. According to Mr. Jesús V. Quiles, president of VITIN, two of SCHRECK's representatives (i.e., Sedera Darby and DUBOIS GILLIAM, CODERA's president and employee, respectively) "led [Mr. Quiles] to believe that Codera was acting on behalf of Schreck with regard to these purchases." [3] However, "a finding of agency must be supported by something more than mere suspicion, and ... where the only evidence that a person is an agent of another party is the mere assumption that such agen-

cy existed, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." 3 Am.Jur.2d Agency § 362 (1986) (footnotes omitted). Plaintiff has failed to articulate which specific facts led Mr. Quiles to reach such a conclusion. Unilateral averments of an alleged agent are not sufficient to prove an agency relation. *See, e.g., Marshall Exports, Inc. v. Phillips*, 385 F.Supp. 1250, 1252 (E.D.N.C.), *aff'd*, 507 F.2d 47 (4th Cir.1974) ("[A]gency cannot be proved by the extra-judicial declarations of the agent[.]"). Further, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984) (citations omitted).

According to the affidavit of Solomon M. Schreck, president of SCHRECK and a member of its board of directors, submitted in support of SCHRECK's motion to dismiss (docket No. 7), it was CODERA, through its president and contract administrator, Sedera Darby,[4] that contacted SCHRECK over the telephone in February of 1992 with a business proposition. Prior to this call, Mr. Schreck had no business or social contact, or even knew of this person. During this conversation they agreed that SCHRECK would purchase **from CODERA** military-type garments. The plaintiff has failed to allege any facts that would tend to rebut the sworn statement submitted by Mr. Schreck. "Since plaintiff failed to counter the affidavit[ ], the jurisdictional facts stated therein are controlling." *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907 (1st Cir.1980) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).

In sum, the evidence merely reflects that other than supplying SCHRECK with those goods, SCHRECK did not hire, retain, or authorize CODERA to represent, discuss,

---

3. *See* Exhibit 1 of plaintiff's memorandum of law in opposition to SCHRECK's motion to dismiss (docket No. 10).

4. *See* Complaint's Exhibit 1 (docket No. 1); and Defendant's Exhibit A, submitted in support of SCHRECK's motion to dismiss (docket No. 7).

negotiate or enter into business agreements with VITIN on behalf of SCHRECK. In addition, SCHRECK has no employees or offices located in Puerto Rico, and has never advertised, owned real property, or had telephone listings, addresses, or bank accounts here. No one from SCHRECK has ever traveled to Puerto Rico, nor initiated any telephone calls to this island, with respect to the business transactions subject to the complaint in this case. Further, SCHRECK has never entered into any agreement(s) with VITIN for the purchase of goods. It should also be noted that Schreck is not authorized to do business in Puerto Rico.[5]

Applying the pertinent legal standard and given the particularities of this case, we have to conclude that SCHRECK's "contacts are insufficient to satisfy the requirements of due process." *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 933 (1st Cir.1985). The mere purchase of goods manufactured in a particular jurisdiction does not provide sufficient contacts to allow for the application of the long arm provisions. As indicated by the Court of Appeals for the First Circuit:

> While entering into a manufacturing agreement with the resident of a forum has been held to be sufficient to support long arm jurisdiction, ... this result has been severely criticized as rendering all purchasers subject to long arm jurisdiction.... Further, the interest of the forum in not discouraging foreign purchasers from dealing with resident sellers for fear of having to engage in litigation in distant courts undercuts such an expansive interpretation.

*Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1085 (1st Cir.1973) (citations omitted). *See also Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir.1986) (per curiam) ("[A]n individual's contract with an out-of-state party cannot alone establish sufficient minimum contacts in the individual's home forum.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)).

The only "contact" between the plaintiff and SCHRECK that we can see from the record is that the merchandise in question was shipped directly from VITIN to SCHRECK. We find this "contact," however, to be too attenuated to conclude that SCHRECK "purposefully avail[ed] itself of the privilege of conducting activities within the forum State [Puerto Rico in this case], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, *reh'g denied*, 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958) (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945)). As a matter of fact, the plaintiff in this case has failed to put forward any evidence that could support the allegations contained in its pleadings to the effect that SCHRECK is subject to the jurisdiction of this Court. Even assuming, *arguendo*, that SCHRECK purposefully established the required minimum contacts with Puerto Rico, we cannot say that under the facts of this case the assertion of personal jurisdiction by this Court over SCHRECK "would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. at 476, 105 S.Ct. at 2184 (citation omitted).

### CONCLUSION

In view of the above, we conclude that plaintiff has failed to allege sufficient facts to make a *prima facie* showing of personal jurisdiction, under an agency theory or otherwise, for this Court to exercise jurisdiction over codefendant SCHRECK. Therefore, codefendant SCHRECK's Motion to Dismiss ... (docket No. 7) is hereby **GRANTED** and this case **DISMISSED** as to SCHRECK WHOLESALE, INC. Judgment will be entered accordingly.

Given our ruling to the effect that no contractual obligation exists between the plaintiff and SCHRECK, the petition to transfer

---

**5.** *See* Defendant's Exhibit 1, submitted with SCHRECK's reply to plaintiff's opposition to SCHRECK's motion to dismiss (docket No. 13).

this action to the Northern District of Illinois is **DENIED AS MOOT.**

IT IS SO ORDERED.