**ARKWRIGHT MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**TRANSPORTES de NUEVO LAREDO S.A. de C.V., et al., Defendants.**

**Civ. A. No. L–93–195.**

United States District Court,
S.D. Texas,
Laredo Division.

Aug. 31, 1994.

Heather A. Campbell, Sharpe & Kajander, Houston, TX, for plaintiff.

Lyn Van Dusen, Brown Sims Wise & White, Houston, TX, for Zipp Exp., Inc., defendant.

### *MEMORANDUM AND ORDER*

KAZEN, District Judge.

Pending is a motion by Defendant Transportes de Nuevo Laredo, S.A. de C.V. ("Transportes") to dismiss this case for lack of personal jurisdiction. Rule 12(b)(2), Fed. R.Civ.P. Plaintiff Arkwright Mutual Insur-

ance Company ("Arkwright") opposes the motion.

According to Arkwright's complaint, it is the subrogated insurer of Capsugel, Inc., which was the consignee of ten pallets of machinery components and parts for hard capsule machines. These pallets were shipped from Pueblo, Mexico to the Texas border and then onward to South Carolina. Arkwright alleges that the pallets were loaded in good condition but delivered in a broken, damaged condition. Arkwright charges Transportes and co-Defendant Zipp Express, Inc. with negligence and breach of contract.

Transportes' motion is supported primarily by the affidavit of Carlos Luis Hinojosa. According to Hinojosa, Transportes is a corporation organized under the laws of Mexico for the business of transporting goods "over the road" in the country of Mexico. Transportes does not provide transportation services in the United States or in the State of Texas. Transportes has no bank accounts, no office, no registered agent, and no employees in the State of Texas. It pays no taxes in Texas, owns no real or personal property in Texas, has no telephone or telephone listing or post office box or other mailing address in the State of Texas. It maintains no place of business in Texas. Transportes completed all of its contractual obligations in this matter by delivery of the trailer to its yard in Nuevo Laredo, Tamps., Mexico and performed no services of any type in Texas. According to Hinojosa, a transfer company retained by Plaintiff's agents would have been responsible for taking possession and control of the trailer in the Transportes yard in Nuevo Laredo, hooking it to its own tractor, and moving it through Mexican and United States customs to a yard in Laredo, Texas. At that point, a United States transportation company—presumably Zipp Express, Inc.—took possession of the trailer and hauled it to South Carolina.

Arkwright challenges none of the foregoing facts. Instead it points to other evidence as being indicative of a purposeful availment by Transportes of the privilege of conducting activities in Texas, allegedly constituting sufficient "minimum contacts" to satisfy the constitutional requirements for exercise of jurisdiction. Arkwright notes that Transportes has retained attorneys to represent it in this case and also maintains insurance with Interstate Fire and Casualty Company, based in Chicago, Illinois. The policy was sold to Transportes by an agent in Nuevo Laredo, Mexico. According to an interrogatory response, Transportes also engaged in an unspecified "communication" with Hiser, Inc., concerning the shipment in question. Another interrogatory response indicates that approximately 40% of goods, commodities or cargo handled by Transportes from January 1, 1990 to the present "are ultimately destined or delivered to locations in the United States." Finally, Arkwright notes that Transportes has a current certificate from the Texas Railroad Commission to operate six commercial vehicle units in the State of Texas.

In resolving the pending motion, a threshold question is whether Plaintiffs are asserting general or specific jurisdiction over Transportes. Specific jurisdiction arises when the defendant has undertaken some activities in the forum state and plaintiff's claim arises out of or results from those activities. Such does not appear to be the case here. The undisputed evidence indicates that Transportes' handling of this cargo commenced and ended in the Republic of Mexico. Plaintiff's cause of action in this case does not arise out of the Texas contacts which it relies upon to establish jurisdiction. Plaintiff instead argues that Transportes' Texas contacts are "continuous and systematic," which are the hallmarks of general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

The Court concludes that Transportes' contacts with the State of Texas are insufficient to support general jurisdiction. The certificate from the Texas Railroad Commission is of little effect. "Applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another." Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 182 (5th Cir.1992) [quoting Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745, 748 (4th Cir.), cert. denied, 404 U.S. 948, 92 S.Ct. 271, 30 L.Ed.2d 265 (1971) ]. There is no evidence

that Transportes operated any of the trucks in Texas, much less that any such truck had any connection with the incident in question. Similarly, Transportes' hiring of attorneys to represent it in this case cannot support the exercise of jurisdiction in Texas. *Staton v. Looney,* 704 F.Supp. 303 (D.D.C.1989); *Mizlou Television Network Inc. v. National Broadcasting,* 603 F.Supp. 677 (D.D.C.1984). *See, Travelers Indemnity Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 833 (5th Cir.1986).

The fact that some of the merchandise which Transportes brings to Nuevo Laredo, Mexico is ultimately destined for the United States is also insufficient. In *Bearry v. Beech Aircraft Corporation,* 818 F.2d 370 (5th Cir.1987), the nonresident defendant sold nearly $250,000,000.00 of its products in Texas through 17 Texas dealers in a five-year period. Nevertheless, the Fifth Circuit found a lack of general jurisdiction since the defendant had no employees or place of business in Texas, owned no property in Texas, and paid no taxes in Texas. Also, the sales transactions were completed in Kansas although the goods ultimately flowed into Texas. The court refused to use a "stream of commerce" analysis in a general jurisdiction case. The fact that Transportes is insured by an Illinois company through a policy sold by a Mexican agent furnishes no jurisdictional contacts with Texas. Finally, the undefined "communications" with Hiser, Inc. are virtually meaningless. There is no evidence as to when or where these communications occurred. In any event, simply communicating with a Texas resident is not a purposeful availment of the privilege of conducting activities in Texas such as to invoke the benefits and protections of Texas law.

For all the foregoing reasons, Transportes' motion to dismiss is GRANTED.

### ORDER OF DISMISSAL

For reasons detailed in a Memorandum of even date, it is ORDERED that this case be and the same is DISMISSED as to Defendant Transportes de Nuevo Laredo, S.A. de C.V. for lack of personal jurisdiction.