**DICKSON MARINE, INC., et al**

v.

**PANALPINA, INC., et al.**

**Civil Action No. 95–3377.**

United States District Court,
E.D. Louisiana.

Feb. 3, 1997.

John Thomas Nesser, III, David S. Bland, Elton A. Foster, Nesser, King & LeBlanc, New Orleans, for Dickson Marine, Inc., Dickson GMP International, Inc., Power Offshore Services, Inc., Power Well Service No. 4, Inc.

Francis J. Barry, Jr., George Alexander Weller, Deutsch, Kerrigan & Stiles, New Orleans, for Panalpina, Inc.

Andrew Struben deKlerk, George A. Frilot, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Air Sea Broker Ltd.

Andrew Struben deKlerk, George A. Frilot, III, Joseph Dwight Leblanc, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Panalpina Transports Mondiaux Gabon S.A.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is Panalpina Transports Mondiaux Gabon S.A.'s (Panaplina Gabon) motion to dismiss for lack of personal jurisdiction and/or for insufficient service of process. Fed.R.Civ.P. 12(b)(2). For the following reasons, Panalpina Gabon's motion to dismiss for lack of personal jurisdiction is GRANTED.

## BACKGROUND

The instant case arises out of the capsizing of a rig and/or lift-boat off the coast of Africa near Port Gentil, Gabon.[1] The rig in question was the L/B Dickson IV and was owned and operated by plaintiffs Power Well Service No. 4 and Power Offshore Services, Inc. and under charter to plaintiffs Dickson Marine, Inc. and Dickson GMP International, Inc. (both of the Dickson plaintiffs as well as the other two plaintiffs are collectively referred to herein as "Dickson Marine").

The following events gave rise to this lawsuit: Dickson Marine contacted Panalpina, Inc., an American corporation, concerning the need to effect repairs to the L/B Dickson IV. Unable to help the plaintiffs directly, Panalpina, Inc. referred Dickson Marine to Air Sea Broker, Ltd., a Swiss corporation (hereinafter ASB). ASB worked out an arrangement with Dickson Marine to have the repairs done in Gabon with Panalpina Gabon, a Gabonese corporation, heading up the effort. In turn, Panalpina Gabon contacted two other Gabonese corporations, SATRAM and SEMTS, to supply equipment and do the actual repairs to the rig. On September 23, 1992, while undergoing repairs to its port leg pad, the L/B Dickson IV capsized causing significant property damage. The plaintiffs sued Panaplina, Inc., Panalpina Gabon, ASB, SATRAM and SEMTS alleging that their

---

1. Gabon is located on the west coast of Africa directly on the equator.

negligence caused the damage to the L/B Dickson IV.[2]

Defendant Panalpina Gabon has brought the instant motion seeking a dismissal on the grounds that this Court lacks personal jurisdiction over it. *See* Fed.R.Civ.P. 12(b)(2). Panalpina Gabon asserts that it is a Gabonese corporation doing business exclusively in Gabon. Moreover, Panalpina Gabon contends that it has never conducted business in Louisiana nor been sued in this state. Additionally, defendant Panaplina Gabon has no offices in Louisiana and has no employees, representatives or assets in this forum. In summary, Panalpina Gabon argues that it does not have contacts with this forum sufficient to establish "minimum contacts" for due process purposes and that, regardless of any "contacts," for this Court to exercise jurisdiction in this instance would offend traditional notions of fair play and substantial justice.

The plaintiffs take several positions in response to defendant's motion. First, the plaintiffs assert that Panalpina Gabon is simply part of Panalpina Inc.[3], a U.S. corporation which is a subsidiary of Panalpina World Transport, Inc. Panalpina World is also the parent company of Panalpina Gabon. Thus, the plaintiffs assert, Panalpina Gabon is located in this state through Panalpina, Inc.'s contacts with this forum. Second, they argue that Panalpina, Inc. and ASB are agents for Panalpina Gabon and have themselves established significant contacts with this forum to establish personal jurisdiction on behalf of Panalpina Gabon. Third, Dickson Marine contends that Panalpina Gabon has significant contacts with this forum, either on its own or through its "agents," to establish "minimum contacts" with this forum and that the exercise of personal jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

### ANALYSIS

■ The exercise of personal jurisdiction over a nonresident defendant by this Court

must comport with the principles of due process. The due process inquiry is two-fold and both requirements must be met. First, the nonresident defendant must have affirmatively availed himself of the protection and benefits of the forum state to such an extent that he has established minimum contacts with that forum. *Felch v. Transportes Lar-Mex Sa De CV*, 92 F.3d 320, 323 (5th Cir. 1996). Second, the exercise of personal jurisdiction by this Court over the nonresident defendant must not "offend traditional notions of fair play and substantial justice." *Id.; See also Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113–14, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

The "minimum contacts" requirement is divided into two separate inquiries, specific and general, both of which may give rise to personal jurisdiction as long as the fairness prong is also satisfied. In the instant matter, the plaintiffs have asserted that this Court has both specific and general jurisdiction over Panalpina Gabon.

■ Specific jurisdiction arises when a defendant has purposely directed activities toward the forum state and the suit arises out of those activities. *de Reyes v. Marine Management & Consulting, Ltd.*, 586 So.2d 103, 106 (La.1991). Therefore, to find specific jurisdiction the Court "must determine whether the present litigation resulted from injuries arising out of or related to the nonresident defendant's contacts with the forum state." *Felch*, 92 F.3d at 324. In the instant matter, the casualty giving rise to the plaintiffs' cause of action, along with any negligent activity related thereto and any related damage, occurred off the coast of Gabon. *See Id.* and *Nolan v. Boeing Co.*, 736 F.Supp. 120, 123 (E.D.La.1990) (for specific jurisdiction to be applicable the fault-giving conduct must occur in the forum state).

---

2. Both SEMTS and SATRAM were originally defendants in this suit but SEMTS has since been dismissed by the plaintiff along with L'Union des Assurances de Paris, a foreign insurance company. SATRAM has yet to make an appearance in this action.

3. Panalpina, Inc. did not dispute the jurisdiction of this Court and was dismissed from this lawsuit after its motion for summary judgment was granted by this Court on September 20, 1996.

■ The plaintiffs would have this Court focus on the contractual relationship between the parties, along with Panalpina Gabon's limited advertising [4] in this forum, for the proposition that Panalpina Gabon specifically availed itself of Louisiana's benefits and protection. However, in contract cases, this Court must look to the place of performance to determine whether the making of a contract is enough to satisfy minimum contacts. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992). In this case, the entire contract was to be performed in Gabon. Therefore, the existence of a contract in this case is not enough to establish specific jurisdiction. Furthermore, Panalpina Gabon's limited advertising also fails to confer specific jurisdiction on this Court. *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir.1987) (the fact that Beech had engaged in nation-wide advertising did not support a finding of general jurisdiction).

■ The facts of this matter simply do not support a finding of specific jurisdiction. However, a finding of a lack of specific personal jurisdiction does not preclude the existence of general personal jurisdiction.

To exercise general jurisdiction, due process requires that the non-resident defendant have "continuous and systematic contacts" with the forum state along with the requirements of fair play and justice. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

■ It is well settled that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir.1986), *cert. denied sub nom, Harvey v. Holt Oil &*

*Gas Corp.*, 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987). Nor is "[t]he number of contacts with the forum state … by itself, determinative." *Hydrokinetics Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir.1983), *cert. denied*, 467 U.S. 1257, 104 S.Ct. 3549, 82 L.Ed.2d 851 (1984). The question for the Court is "whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state." *Id.* (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333 (5th Cir.), *reh'g denied*, 691 F.2d 502 (5th Cir.1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983)). " 'Considerations such as the quality, nature, and extent of the activity in the forum, the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts, relate to whether it can be said that the defendant's actions constitute purposeful availment.' " *Id.* (quoting *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1268 (5th Cir. 1981)). " 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.' " *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)).

A brief review of the facts surrounding Panalpina Gabon reveal a distinct lack of contact with this forum, much less "continuous and systematic" contact: (1) Panalpina Gabon has no shareholders or employees residing or working in this forum; (2) Panalpina Gabon has no offices in Louisiana or outside of Gabon; (3) Panalpina Gabon conducts no business outside of Gabon; (4) Panalpina Gabon keeps no records, bank accounts or assets in this forum; (5) Panalpina Gabon is not licensed or otherwise authorized to do business in this state; (6) Panalpina Gabon is a separate and distinct corporation organized under the laws of Gabon. In fact

---

4. Panalpina Gabon does not directly advertise in Louisiana nor does it take aggressive steps to target Louisiana. The seminal Fifth Circuit case on this point is *Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir.1984). Panalpina Gabon is represented on all of Panalpina's advertising brochures which show all Panalpina affiliated com-

panies. However, only Panalpina, Inc. advertises in this forum and any exposure Panalpina Gabon receives is indirect. It is interesting to note at this point that Dickson Marine contacted Panalpina, Inc. and not Panalpina Gabon when it had a problem.

the only direct contact between Panalpina Gabon and Louisiana during this incident were telephone conversations and/or facsimiles between Dickson Marine and Gabon.

■ The plaintiffs have gone to great lengths to draw a connection between the activities of ASB and Panalpina, Inc. in this forum and Panalpina Gabon. The plaintiff make much over the fact that Panalpina, Inc. and Panalpina Gabon advertise in the same brochure and have the same parent company. However, these facts are of no moment in this case. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983).[5] Panalpina Gabon is not the parent company of Panalpina, Inc. nor is the reverse true. One company does not control the other. *Id.* Additionally, Panalpina Gabon is not a department of Panalpina, Inc. or of ASB. *See Palmieri v. Estefan*, 793 F.Supp. 1182, 1187 (S.D.N.Y.1992). Moreover, there is no evidence of the existence of any type of agency relationship between ASB, Panalpina, Inc. and Panalpina Gabon so as to make the actions of one attributable to all. *See Vitin Garment Manufacturing Corp. v. Schreck Wholesale, Inc.*, 827 F.Supp. 847, 850 (D.P.R. 1993). In essence the plaintiffs would have this Court ignore the corporate form and impute all of the acts of a sister company located in this forum to a foreign company having little or no contact with this state in order to create personal jurisdiction over the foreign sister company. The Court declines their request.

■ Panalpina Gabon's contacts with this forum are minute. They consist of some telephonic contact between Dickson Marine and other local companies [6] and perhaps two visits by employees in the years preceding this incident. The limited contacts between Panalpina Gabon and local companies consist of infrequent handling of freight. Even in these instances, there is little or no direct contact between a Louisiana company and

Panalpina Gabon. Regardless, such contact as does exist does not rise to the level of "continuous and systematic contacts." *E.g.*, *Wilson v. Belin*, 20 F.3d 644, 649–51 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).

The Court finds that defendant Panalpina Gabon's contacts with this forum are not "continuous and systematic" and as such that this Court does not have general personal jurisdiction over this defendant in this matter.

■ Because the Court finds that Panalpina Gabon does not have sufficient related or unrelated minimal contact with this forum, it is not necessary to address the second prong of the due process analysis but for the sake of completeness I do so here. Assuming *arguendo* that Panalpina Gabon has minimum contacts with this forum, the second prong of the due process analysis requires that the exercise of this Court's personal jurisdiction over the nonresident defendant not offend traditional notions of fair play and substantial justice. *Command–Aire Corp. v. Ontario Mechanical Sales & Service, Inc.*, 963 F.2d 90, 95 (5th Cir.1992). In determining fairness the Court considers the following factors: (1) the potential burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social polices. *Wilson*, 20 F.3d at 647 n. 3 (because of the nature of this case factors four and five are not of great concern to the Court).

■ The Court finds that the burden on the nonresident defendant, in this case a relatively small Gabonese corporation, would be great. The cost to a Gabonese corporation in terms of both money and manpower

5. "Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parentsubsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave*, 710 F.2d at 1159.

6. The Court in *Arkwright Mut. Ins. Co. v. Transportes de Nuevo Laredo, S.A.*, 879 F.Supp. 699, 701 (S.D.Tex.1994) stated that "simply communicating with a Texas resident is not a purposeful availment of the privilege of conducting activities in Texas such as to invoke the benefits and protection of Texas law."

of litigating this case (the facts and circumstances of which all occurred within or offshore of Gabon) in Louisiana would be substantial. Furthermore, Louisiana has little interest in this litigation considering the incident occurred off the coast of Africa and that most of the parties involved-and most certainly the primary tortfeasors, if any, are non-residents. Finally, while the plaintiffs certainly have an interest in obtaining relief that interest does not out weigh the burden on the nonresident defendant of litigating in Louisiana. Additionally, the plaintiffs are capable of and are currently seeking relief in other forums around the world. Therefore, even if the plaintiffs could establish minimum contacts between Panalpina Gabon and this forum, the Court finds that it would be unreasonable to exercise personal jurisdiction over Panalpina Gabon since such an exercise of this Court's personal jurisdiction would offend traditional notions of fair play and substantial justice. *E.g. Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1069–70 (5th Cir.1992).

### CONCLUSION

The plaintiffs in this matter have attempted through voluminous briefs and reams of discovery to prove that this Court has personal jurisdiction, both specific and general, over defendant Panalpina Gabon.[7] After a through review of the facts, the record, the exhibits presented and the applicable law, the Court finds that it does not have personal jurisdiction over defendant Panalpina Gabon. Therefore,

IT IS HEREBY ORDERED that defendant Panalpina Transport Mondiaux Gabon S.A.'s motion to dismiss for lack of personal jurisdiction is GRANTED.

---

7. The plaintiffs contend in their briefs that defendant Panalpina Gabon somehow hampered the discovery process and that as a sanction for this action this Court should maintain personal jurisdiction over Panalpina Gabon. This argument is without merit and disingenuous. The Court allowed limited discovery on the jurisdiction issue to proceed and the plaintiffs went on to conduct an exhaustive discovery process. The fruits of the plaintiffs' discovery did not yield the result they sought but were none the less bountiful. The plaintiffs' allegations towards the defendants and posture in this regard did nothing to further the plaintiffs' case.