## CIRCUIT COURT OF ARLINGTON COUNTY

Hildegard Rancke

v.

William A. Belt

December 17, 1998

Case No. (Law) 97-945

BY JUDGE JOANNE F. ALPER

This Court has considered the issues raised in defendant's demurrer to Counts 2, 3, 7, and 8 of plaintiff's Motion for Judgment, including the written memorandum and cases cited therein together with the arguments of counsel at the hearing on December 4, 1998. This letter will set forth the Court's rulings on the various legal issues raised therein.

### Background Facts

Plaintiff Hildegard Rancke ("Mrs. Rancke") alleges in her Motion for Judgment that defendant William A. Belt ("Dr. Belt") is a practicing dentist who saw her in his professional capacity for examination and treatment beginning in March, 1986, and concluding in March, 1994. The Motion for Judgment further alleges that when Mrs. Rancke went to see a new dentist, she determined that Dr. Belt's services to her were negligent, fell below the applicable standard of case, and caused her injury. The Motion for Judgment contains the following counts:

Count 1: Negligence (by health care provider)
Count 2: Gross negligence (by health care provider)
Count 3: Conscious disregard of rights of others, recklessness, willful and wanton negligence (by health care provider)
Count 4: Negligence
Count 5: Gross negligence

Count 6: Conscious disregard of others, recklessness, willful and wanton negligence
Count 7: Breach of contract
Count 8: Negligent breach of contract, malfeasance
Count 9: Battery
Count 10: Non-production of records required to be produced pursuant to Va. Code § 8.01-413.

The defendant filed demurrers to all but Count 1 of the Motion for Judgment. Defendant's demurrers to Counts 4, 5, 6, 9, and 10 were sustained by ruling of the Court on December 4, 1998. This letter opinion will address the issues of whether plaintiff can maintain a cause of action against defendant sounding in breach of contract (Counts 7 and 8) and whether plaintiff's allegations are sufficient to support a claim for gross negligence by Dr. Belt as a health care provider (Counts 2 and 3).

### Demurrer to Counts 7 and 8

The factual basis for plaintiff's claims for breach of contract are contained in the following allegations of the Motion for Judgment:

11. Mrs. Rancke and defendants entered into express and implied agreements whereby Mrs. Rancke would receive competent examination, care, and treatment from defendants.

12. As part of these express and implied agreements and as part of their duties to patients such as Mrs. Rancke, defendants agreed to provide Mrs. Rancke the degree of diligence, care, management, skill, expertise, and ability of a reasonably prudent practitioner practicing within the Commonwealth of Virginia, and defendants otherwise agreed to provide reasonable care … .

35. Defendants breached the previously-described express and implied agreements with Mrs. Rancke whereby defendants were to provide competent dental examination, care, and treatment; were to represent the truth to her; were to obtain her fully informed consent to all procedures and actions taken with her; were to act without assaulting or battering her; and were not to abandon her.

These allegations were also repeated in Paragraph 38 regarding Count 8 of the Motion for Judgment.

Defendant's demurrer challenges the legal sufficient of plaintiff's claims for breach of contract, arguing that this claim clearly is a tort action and, as such, qualifies as "medical malpractice" as defined in Va. Code § 8.01-581.1.

Plaintiff relies on the case of *Glisson v. Loxley*, 235 Va. 62 (1988), to support her position that a cause of action for breach of contract may be maintained against a health care provider independently of a claim for malpractice. Plaintiff's reliance on *Glisson v. Loxley* is misplaced. In *Glisson*, plaintiff sued for breach of contract alleging that she and the defendant entered into a "special" oral contract under which the defendant was supposed to perform a specific surgery and expressly directed the doctor *not* to perform arthroscopic surgery. Plaintiff's claim for breach of contract against the defendant doctor in *Glisson* was based on the fact that he went beyond their oral contract and performed surgery to which she had not agreed. In the case at bar, the only "contract" which plaintiff has alleged is, as described above, the contract to receive "competent examination, care and treatment ... ." (Motion for Judgment, paragraph 11.) That alleged "contract" is nothing more than the duty of care which would be owed to the plaintiff by a health care provider.

As the Supreme Court stated in *Glisson*:

> "[t]ort" is also defined as the violation of some duty owing to the plaintiff imposed by the general law or otherwise. Generally, "duty must arise by operation of law and not by mere agreement of the parties." [Citations omitted.] Stated differently, a "tort" is a "legal wrong committed upon the person or property independent of contract."

235 Va. at 67 (citations omitted).

The Supreme Court again addressed this issue in a case which is similar to the one ar bar, *Pierce v. Caday*, 244 Va. 285 (1992). In that case, the plaintiff brought a motion for judgment against a doctor for breach of contract on the basis that confidential information disclosed by the patient to the doctor had allegedly been disseminated by his nurse. The Supreme Court examined whether the cause of action set forth in the motion for judgment sounds in contract or in tort and held that it was a tort action stating:

> A physician who undertakes treatment of a patient impliedly represents that the physician possesses that degree of skill and diligence in the diagnosis and treatment of the patient employed by a reasonably prudent practitioner in the physician's field of practice or

specialty. *Brown v. Koulizakis*, 229 Va. 524, 532, 331 S.E.2d 440, 445 (1985). Failure to comply with the standard of care is actionable and is "malpractice" because it is "any tort based on health care," within the meaning of the Act. Code § 8.01-581.1(5).

244 Va. at 291.

In the present case, plaintiff has failed to allege any "special" contract between the plaintiff and the defendant that would give rise to a separate cause of action outside the scope of the Medical Malpractice Act. Accordingly, defendant's demurrer to Counts 7 and 8 is sustained, and those counts will be dismissed.

### Demurrer to Counts 2 and 3

The defendant has also filed demurrers to the plaintiff's claims in Count 2 and Count 3. Count 2 alleges a claim against Dr. Bell for "gross negligence." Gross negligence has been defined as:

> that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]. It must be such a degree of negligence as would shock fairminded men although something less than willful recklessness.

*Griffin v. Shively*, 227 Va. 317, 321 (1984); see also *Ferguson v. Ferguson*, 212 Va. 86 (1981), and *Haymore v. Brizendine*, 210 Va. 578 (1970).

Count 3 for the Motion for Judgment contains assertions of willful and wanton negligence and conscious disregard of the rights of others. This type of negligence has been defined by the Supreme Court in the case of *Griffin v. Shively, supra*:

> Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct would probably cause injury to another.

227 Va. at 321.

In considering defendant's demurrers, this Court must view the facts alleged in the Motion for Judgment as admitted. Therefore, since Counts 2 and

3 of the Motion for Judgment contain sufficient assertions which, if proven, would form the basis for claims of gross negligence and willful, wanton, or reckless negligence or conscious disregard of plaintiff's rights, the demurrers to Counts 2 and 3 will be overruled.